JOHN BYRNE, Admr., Appellee, *vs.* MARSHALL FIELD & Co., Appellant.

*Opinion filed December 15, 1908.*

1. PLEADING—*when averments of declaration show that the deceased left next of kin.* An averment in the original declaration in an action for death by wrongful act, that in consequence of the death of the deceased his mother, father and sisters, (naming them,) whom he left surviving, had been deprived of their means of support, shows that the deceased left next of kin, and an additional count filed more than two years after the accident, alleging that the parents and sisters (naming them as in the original count) were the next of kin and sole heirs of the deceased, is not open to a plea of the Statute of Limitations.

2. MASTER AND SERVANT—*when risk is not assumed by reason of knowledge of defect.* An elevator man who knew, two or three days before the elevator fell, that it was not working properly, does not, by continuing to operate the elevator after making a report to the foreman of the building, assume the risk of injury, unless he knew or was chargeable with knowledge of the danger.

3. INSTRUCTIONS—*when instructions are not erroneous in ignoring doctrine of assumed risk.* Instructions stating the circumstances authorizing a recovery are not erroneous in ignoring the doctrine of assumed risk, claimed by the defendant to apply because of the deceased's knowledge that the elevator he was operating was not running properly, where the evidence shows the real trouble could have been ascertained only by inspection, but does not show the deceased knew or should have known of the danger, or that it was his duty to make an inspection, or that he had the right or possessed the skill to do so.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.

On May 17, 1907, John Byrne, administrator of the estate of Thomas P. Byrne, deceased, the appellee, secured a judgment for the sum of $5000 in the superior court of Cook county against Marshall Field & Co., appellant, for damages to the next of kin of appellee's intestate. The deceased was killed on November 5, 1902, by the falling of a passenger elevator which he was operating in appellant's retail store in the city of Chicago. From the judgment of the Appellate Court for the First District affirming that judgment appellant has prosecuted this appeal.

The declaration was filed on April 16, 1903, and originally consisted of three counts. On February 23, 1905, the plaintiff filed two additional counts, and on May 1, 1907, he amended each of the three original counts. The amendments did not affect the averments of negligence. The various counts charged that defendant negligently permitted the elevator and its various parts and appliances (naming them) to become and remain in an unsafe and dangerous condition, and that the defendant negligently failed to have the elevator and its appliances properly and sufficiently inspected.

Each of the original counts alleges that by reason and in consequence of the death of said Thomas P. Byrne, his mother, Mary P. Byrne, his father, John Byrne, and his sisters, Katherine Byrne, Irene Byrne, Margaret Byrne and Bernice Byrne, whom he, the said Thomas P. Byrne, left him surviving, had been deprived of their means of support and had been deprived of large sums of money which he had been accustomed to and would have continued to contribute to their support, and that they had sustained a pe-

237 — 25

cuniary loss, as a direct result of his death, amounting to $5000. Neither of these counts contained any other averment in reference to survivorship, heirship or next of kin, and it will be observed the allegations just recited do not expressly state who were next of kin to the deceased. On December 31, 1903, the defendant interposed the general issue. In each of the additional counts it was averred that the parents and sisters of the deceased (naming them as they were named in the original counts) were his next of kin and his sole heirs him surviving. The amendment made to each of the original counts was to the effect that the parents and sisters of the deceased named therein were the next of kin and sole heirs him surviving. To the additional and amended counts defendant interposed pleas of the general issue and of the Statute of Limitations. To the latter the plaintiff filed a general demurrer, which the court sustained.

During the afternoon of November 5, 1902, the elevator, with Byrne in it, fell from the ninth floor to the basement of the building, and from the effects of this fall he died. He was unmarried and without descendants. It appears that this elevator had not been working properly for several days prior to this time, and that this fact had been reported by Byrne to a foreman of the appellant, who had charge of the elevators in the building. No evidence was offered, however, to show that the condition of the elevator was such at the time Byrne made his report as would indicate to him or the foreman that it was dangerous to continue in its operation. On the day following the accident the car was examined by two elevator inspectors for the city of Chicago, and it was discovered that the safety dogs beneath the car had become so rusted that they had failed to work and stop the fall of the car, as they would have done in a short distance had they been in proper condition. Appellant proved that it had the elevator inspected in April, 1902, and that it was then in first-class condition. There

was no proof that it was inspected after that time, prior to the accident.

It is contended by the appellant (1) that the original declaration did not state a cause of action, and that the court erred in sustaining the demurrers of appellee to appellant's plea of the Statute of Limitations to the additional counts and the original declaration as amended; (2) that the second additional count sets up a different cause of action from that set up in the original declaration, and that the court erred in sustaining appellee's demurrer to appellant's plea of the Statute of Limitations to such additional count; (3) the court erred in instructing the jury.

PAUL BROWN, HORTON, BROWN & MILLER, and FRANK P. LEFFINGWELL, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, (JOHN BARTON PAYNE, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is said by appellant that the demurrer to the plea of the Statute of Limitations should have been overruled as the original counts failed to state a cause of action by reason of the omission of words stating explicitly that the parents and sisters mentioned as surviving the deceased were his next of kin, the amendments to the original counts being made and the additional counts being filed more than two years after the death of the deceased. The authorities upon which appellant relies hold that a declaration in a case of this character must aver that the deceased left a widow or next of kin. If a man dies leaving parents and sisters he leaves next of kin. It therefore appeared from the original counts that the deceased left next of kin. In the case of *Chicago City Railway Co.* v. *Hackendahl*, 188 Ill. 300, which was a case of the same character as this, the original declaration averred that the plaintiff, who was the father of

the deceased and his administrator, "as the father and next of kin" of the deceased had sustained damages on account of his death, and alleged nothing further as to next of kin. More than two years after the cause of action accrued the plaintiff amended the declaration so that it averred that the deceased left surviving him as his next of kin his parents and certain brothers and sisters, naming them. To the amended declaration a plea of the Statute of Limitations was interposed, and it was urged, upon a demurrer being filed to this plea, that there was no allegation in the original declaration that there was a widow or next of kin, and that it therefore failed to state any cause of action whatever. This court held that the original declaration alleged the existence of next of kin in an imperfect manner, and that it stated a cause of action, though defectively. We think that case warranted the trial court in holding against the appellant on this proposition. Here, as in that case, it appeared from the original declaration that there were next of kin, although the averments were not as full and complete as they should have been.

It is then urged that the demurrer to the plea of the Statute of Limitations as to the second additional count should have been overruled in any event, for the reason that this count states a cause of action other than that stated in either of the original counts. A comparison of the second additional count and the third original count shows that both, though in varying terms, charge the same negligence, viz., that the defendant negligently failed to properly and sufficiently inspect the elevator.

Appellant complains of the court's refusal to give its second instruction, which was to the effect that if the deceased knew, two or three days before the accident, that the elevator was out of order but continued to operate the same, he thereby assumed the risk incident to the defective condition of the elevator. Before it can be said that the deceased assumed the risk which resulted in his death in this

case, it must appear not only that he knew of the defective condition of the elevator, but that he knew, or was chargeable with knowledge, of the attendant danger. This instruction omits the element of knowledge of the danger.

Complaint is also made of the first and fourth instructions given on behalf of the plaintiff. Each of these instructions stated the circumstances under which a recovery could be had, and the objection is that both ignore the doctrine of assumed risk. While the evidence shows that the deceased knew that the elevator was in bad order and not running properly, there is absolutely no evidence to indicate that he knew, or should have known, that there was any danger of the elevator falling. In fact, the evidence fails to show what caused the elevator to start to fall. It does appear from the testimony of the inspectors who examined the elevator after the accident, that the safety dogs, which were under the platform of the elevator, were so badly rusted that they did not work, and that had they been in working condition when the elevator started to fall they would have stopped it. The proof also shows that a proper inspection within a reasonable time prior to the accident would have enabled appellant to ascertain the defective condition of these dogs. It was only by inspection, however, that the precise nature of any difficulty with the elevator was discovered. There was no evidence that the deceased knew, or should have known, anything about the danger, or that he was charged with the duty of making, or had any right to make, an inspection of the elevator and its appliances, or that he possessed the necessary skill and knowledge to make an inspection. There was therefore no proof upon which an instruction stating the doctrine of assumed risk could have been based.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*