John McMasters, Appellee, v. Grand Trunk Railway Company, Appellant.

Gen. No. 15,112.

1. MASTER AND SERVANT—*right of latter to rely upon performance of duty by former.* It is the duty of the master to exercise ordinary care to furnish the plaintiff a reasonably safe place for his work and the latter has the right to presume and act upon the presumption that this has been done.

2. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* If a servant is injured in obeying the order of his foreman the doctrine of assumed risk does not apply.

3. INSTRUCTIONS—*effect of use of phrase "to establish."* The plaintiff is not required "to establish" any elements essential to recovery; his burden is simply successfully to carry the *onus* of proof where the burden of proof rests upon him.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed June 2, 1910. *Certiorari* denied by Supreme Court (making opinion final).

KRETZINGER, GALLAGHER & ROONEY, for appellant.

HIRAM BLAISDELL, JAMES L. BYNUM and HERREN & STANDIDGE, for appellee; OLIVER R. BARRETT, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment against defendant for personal injuries.

Material facts are in substance as follows: Plaintiff was employed by the defendant in the latter's round-house at Elsdon, Illinois. In the roundhouse there was an excavation or pit over which engines were placed in order to be repaired. Upon the 14th of November, 1905, plaintiff, who was a machinist, was directed by his foreman to go into this pit and take the "jacket" off of an engine which had been somewhat damaged by an accident. The engine was already in position over the pit. It had been found necessary in order to enable the repairs to be made to remove what is known as the "buffer beam" from the front of the engine. Attached to this buffer beam and extending out about eight inches in front of it was what is called a "casting," a square block of iron, it is said, "about 12x12 in depth" and about "15 inches wide," which weighed in the neighborhood of 250 pounds. There is a difference of opinion as to the weight of the buffer beam and attachments varying from about five hundred to a thousand pounds. The buffer beam had been removed from the engine by two machinists in defendant's em-

ploy several hours before the accident. These men had blocked the beam up, using, as one of them states, "four or six timbers." According to the testimony of one of them, the first two timbers were laid across the track. They were 10 by 12 timbers and were seven or eight feet long. Across them two 8x6 timbers were laid, which were four feet long, and "then there was another small piece laying up on top of them to fill up under the buffer beam." The other of the two men who blocked up the buffer beam says the third course was "a 4x6 on top of" the second course of timbers and that "we might have put an inch board on top of that; I don't say whether we did or not." The recollection of the two men differs, it will be seen, as to the way in which the blocking up was done. The buffer beam having been detached and left resting on this support, the two men "pinched" the engine back twelve or fourteen inches and left the buffer beam resting on this blocking.

Plaintiff had been working at that roundhouse about nineteen years. On the morning of the accident he was directed by the foreman to take the jacket off the engine. He at first tried to get into the pit under the engine by "going in between the two drivers," but found he could not do so by reason of "brakes on them," and there was no room to get in between the brakes. He then undertook to go underneath the front of the engine. He got down on his side, the usual way, he testifies, of going under, and had gotten his feet in the pit when the buffer beam and casting attached came down upon him, causing the injuries complained of.

It is urged in defendant's behalf that the evidence is not sufficient to sustain the verdict and judgment; that plaintiff failed to prove the negligence charged in the declaration; that the fact the buffer beam fell did not create a presumption of negligence of defendant. There is however without doubt, we think, evidence from which the jury might properly draw the conclusion that if the beam had been properly supported by

the blocking under it the fall would not have occurred. There is conflict in the evidence as to whether the beam was supported in the usual and customary way. There is evidence however tending to show that it was not. The support was, it is said, entirely under the beam itself and there is evidence tending to show there was no support under the casting attached, estimated to weigh from two hundred to nearly six hundred pounds, and projecting out from the front of the buffer beam. There is evidence tending to show that the cross timbers laid above the first course were between three and four feet long. Defendant's witnesses say four feet. The buffer beam is described by plaintiff as being "10 by 12 or 12 by 12, eight foot six long, and the casting fastened on the center." Upon this state of the evidence it was not error to submit the question of defendant's negligence to the jury. It is clear from the nature of the accident that the support as it was placed under the beam and attachment was not adequate, and whether the inadequacy was caused by failure to place the support under the heavy projecting casting as well as under the beam itself, or whether it was caused by the shortness of the cross timbers or the way in which the timbers were placed, and whether the existence of these conditions constituted negligence on the part of the defendant, were proper questions for the jury. It was the duty of the master to exercise ordinary care to furnish the plaintiff a reasonably safe place for his work, and the latter had a right to presume and act upon the presumption that this had been done. As said in Missouri Mal. Iron Co. v. Dillon, 206 Ill. 145-152, "The master cannot screen himself from liability upon the ground that he did not know of the defects in his appliances, if he might have known of them by the exercise of due care." The plaintiff was not required to inspect the supports placed under the buffer beam and attachment. It was the duty of defendant to use reasonable care to keep them fit, and this duty may require inspection. "This duty of inspection rests upon

the employer and not upon the employee and depends upon the character of the machine or appliance, since ordinary care may require an inspection oftener in one case than in another.'' Armour v. Brazeau, 191 Ill. 117, and Wrisley Co. v. Burke, 203 Ill. 250, cited in Missouri Mal. Iron Co. v. Dillon, *supra,* p. 153. It is urged the accident may have occurred from insufficient blocking or a latent defect in some of the timbers or by appellee himself displacing the beam, or by the manner of the blocking. If we assume that the timbers of the support may have been disturbed by the effort of plaintiff to get under the engine at that place and so caused to give way, the supposed fact would not relieve the defendant. There is evidence tending to show that plaintiff was ordered under the engine and that in obeying the order he was obliged to go as he did, other openings into the pit being closed by the engine and appliances. There is evidence to the effect that as a witness stated, ''that is the only way I seen to get under. They had the engine pinched back and that is the only place he had to get through there.''

In view of the undisputed evidence that plaintiff was injured in obeying the order of the foreman, the objection that instructions complained of excluded the defense of assumed risk is not well taken. In such case the question of assumed risk is not involved, where as here it is negatived in the declaration, which charges that plaintiff was injured while he was going into the pit ''pursuant to the orders and direction of defendant,'' and also ''in compliance with the request and demand of the defendant.'' The evidence sustains the declaration in this respect. As plaintiff was acting under defendant's order, defendant ''cannot invoke the doctrine of assumed risk in this case to relieve itself from liability.'' Springfield Boiler Co. v. Parks, 222 Ill. 355-360, and cases there cited. Kirk v. Jajko, 224 Ill. 338-343. In the case at bar there is no evidence which tends to show that plaintiff had or should have had any knowledge of the unsafe condition of the sup-

ports of the buffer beam, and "therefore no proof upon which an instruction stating the doctrine of assumed risk could have been based." Byrne v. Field, 237 Ill. 384-389. On the other hand plaintiff testifies that he had no such knowledge.

It is urged that the court erred in refusing two other instructions requested by defendant's counsel. The first of these would have required the plaintiff "to establish" certain propositions. This would have been clearly erroneous even if the propositions themselves were sound. The plaintiff does not have to "establish" but is required to support his case by a preponderance of evidence. The other refused instruction was inapplicable to the evidence. There was no error in the refusal complained of.

The judgment of the Superior Court will be affirmed.

*Affirmed.*