No. 5638.

JULIA HUGHES v. THE GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

1. ASSIGNMENTS OF ERROR.—An assignment of error, though contained in the record, if not contained in the brief of counsel, will, under rule 29, be considered as waived.
2. PRACTICE—EVIDENCE.—The putting of an improper question to a witness can afford no ground for the reversal of a judgment, when, from the nature of the answer, it is manifest that it did not affect injuriously the rights of the party complaining.
3. ASSIGNMENTS OF ERROR.—Neither under the statute nor rules of court can an assignment of error to the effect that "the court erred in giving the special charges asked," etc., be considered on appeal. The specific error should be set forth in the assignment.
4. NEGLIGENCE.—A high degree of care is necessary on the part of a railway company in operating its trains or locomotives on any part of its road, but especially in the streets of a town or city, whether running through the densely peopled portion or its suburbs.
5. SAME.—But if, while operating such train or locomotive, a man who is fully capable, mentally and physielly, to know and avoid danger, enters upon and remains in the road track in front of a moving train until he is injured by it, when he might both see and hear its approach, then the contributory negligence of such person will defeat his recovery in a suit for damages.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

*Teel & Haltom,* for appellant, cited Rorer on Railways, 538; Pierce on Railways, 244; Fash v. Third Avenue Railroad Company, 1 Daly, 148; Worster v. Forty-second & G. S. Railroad Company, 50 New York, 203; Kansas Pacific Railroad Company v. Pointer, 9 Kansas, 620, 628; Leavenworth, Lawrence & Gal-

veston Railroad v. Rice, 10 Kansas, 426, 438; Houston & Texas Central Railway Company v. Symkins, 54 Texas, 615; Texas & Pacific Railway Company v. O'Donnell, 58 Texas, 27; Texas & Pacific Railway Company v. Chapman, 57 Texas, 75; Texas & Pacific Railway Company v. Lowry, 61 Texas, 149; Chicago & North Western Railroad Company v. Barrie, 55 Illinois, 226; Lafayette & Indianapolis Railroad Company v. Shriner, 6 Indiana, 141; Central Railroad Company v. Davis, 15 Georgia, 437.

*Waelder & Upson,* for appellee, cited Houston & Texas Central Railway Company v. Smith, 52 Texas, 183, 185; Railroad Company v. Houston, 5 Otto, 702; Tucker v. Duncan, 6 American and English Railroad Cases, 272; Blaeker v. New Jersey Midland Railroad Company, 18 American Railway Reporter, 82; Williams v. Southern Pacific Railway Company, Supreme Court California, December, 1885, 9 Pacific Reporter, 156; Maher v. Atlantic & Pacific Railroad, 17 American Railroad Reporter, 239; McLaren v. Indianapolis & Vincennes Railway Company, 8 American and English Railroad Cases, 219; 6 American and English Railroad Cases, note 17.

STAYTON, ASSOCIATE JUSTICE. This action was brought by the widow of Michael Hughes, in her own right and for the benefit of the minor children of herself and her deceased husband. She sought to recover damages for an injury, which she alleged was caused by the negligence of the railway company and its servants, that resulted in the death of her husband.

It is not urged, as a ground for reversal, that there was such evidence as required a verdict for the plaintiff and denied one to the defendant. The assignments of error relate to the admission and exclusion of evidence, and to the giving and refusing to give instructions to the jury. The uncontradicted evidence shows that the deceased was first seen sitting on the railroad track, about fifty feet in advance of the locomotive which came in contact with him, and that so soon as seen effort was made to avoid the collision; but there is some evidence to the effect that a locomotive could be stopped in a less distance than that intervening between the deceased and the locomotive when he was first seen.

The appellant, on cross examination, was asked whether, when informed of the injury to her husband, she did not say that "he always went to the track when drunk." This question was ob-

jected to, and the objection overruled, and the witness then stated that she made no such remark. If the question was an improper one, the answer to it certainly could not have had any injurious effect upon the case.

If the question was irrelevant, and asked for the purpose of laying a predicate to impeach the evidence of the witness, by proving that she made such a remark, the latter evidence might have been excluded; but there is no assignment of error pointed out in brief of counsel which raises the question of admissibility of evidence to show that she did make the remark. Such an assignment is found in the record, but as it is not presented in brief of counsel, it must be deemed to be waived. (Rule 29.)

Several witnesses, who were present when the accident occurred, stated that the bell on the locomotive was ringing for some distance prior to reaching the point at which the deceased was first seen, and continued to ring, and that the headlight was burning; but one witness stated that the headlight was not in good order. In this state of the evidence, a witness who lived west of the place of the accident (how far not shown), proposed to testify that the bell was not ringing nor the headlight burning when the locomotive passed her house, and this evidence was excluded. No injury could have resulted from the exclusion of this evidence, which it seems to us ought not to have been admitted, even if in some cases proof of the condition of a locomotive near to, but not at the place and exact time of an accident, might be admissible.

The fourth assignment of error is that "the court erred in giving the special charges asked by defendant." Two charges, relating to different matters, were given at request of the defendant, and the assignment does not point out as required by the statute and rules of this court the specific error relied on. The statute as well as the rules of this court declare that such assignments shall not be considered. (Rev. Stat., art. 1037; Rule 26.) The fifth assignment is that "the court erred in refusing to give the special charges asked by plaintiffs."

The charges so asked consisted of five distinct paragraphs relating to as many different matters, and for the reasons before stated is not such an assignment as is required. In view of the whole case, we deem it proper to say that we have looked to the charges given at request and refused, to ascertain whether there was any such error in either of these respects as we could, or ought to, notice in the absence of any assignment, and we find

none such. Under the case made by the evidence, the charges asked and given were substantially correct, while those asked and refused were in part erroneous and not applicable to the case made, and in so far as correct they were covered by charges given.

The charge given without request fairly submitted the case to the jury, while some refused would have entitled the appellant to recover notwithstanding the injury may have resulted from the contributory negligence of the deceased if there was the slightest neglect on the part of the defendant in regard to matters which in no way could have contributed to the injury. The deceased was sitting on the railway track, and there is not a particle of evidence tending to show that he was compelled to be there or in any manner detained there by the faulty manner in which the railway may have been constructed nor tending to show that he might not have traveled on the street without entering on the track of the railway; hence the condition of the track was an unimportant inquiry.

A high degree of care is necessary on the part of a railway company in operating its trains or locomotives on any part of its road, and especially so in the streets of a town or city, though such streets may be in the suburbs and but little used; but if while so operating its road one fully capable, mentally and physically, to take care of himself enters upon and remains on its roadway until he is injured by an approaching train or locomotive which he might see and hear by the use of his senses, then it must be held that the contributory negligence of such a person will defeat a recovery by him, or by one who can recover only on such facts as the injured person could have recovered on had he not died through the injury received by him.

There is nothing in the evidence tending to show that the deceased was not in mind and body sound, nor that he was wanting in any of the senses necessary to enable him to perceive and avoid danger, and the rule which denies a recovery to one whose contributory negligence brings about the injury complained of finds application.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered April 8, 1887.