## WILSON & MARTIN v. D. C. LUCAS.

### No. 2779.

1. **Practice—Immaterial Testimony.**—The admission of immaterial testimony is no ground for reversal of a judgment when the facts shown by legal evidence support the verdict.

2. **Charge—Practice.** — Where the court has sufficiently submitted the issues in the case to the jury it is proper to reject a charge asked which but repeats the substance of the charge given.  See example.

3. **Assignment of Error.** — An assignment that the court below should have granted a new trial "because the claimant failed to establish his rights to the the property by a preponderance of the evidence, and because the verdict is against the law and evidence," is too general, and is entitled to no consideration.

APPEAL from Shelby.  Tried below before Hon. James I. Perkins. The opinion gives a statement.

*T. C. Davis*, for appellants.— 1. Whatever rights Lucas had to the bagging and ties were acquired before the levy of the attachment by Wilson & Martin, and no subsequent assertion of claim by Lucas to same, by payment of a balance due thereon or otherwise, would be admissible to be proved by Lucas, because to allow the same would be to allow Lucas to prove his own acts and declarations, and thereby to manufacture testimony in his own behalf.  Ross v. Kornrumpf, 64 Texas, 395; Carleton v. Baldwin, 27 Texas, 572.

2. Lucas being the plaintiff in the assertion of his claim to the property, the bagging and ties as well as the cotton, they being separate and distinct classes of property and his title as to each article being established by different evidence, the court should have separated them in its charge as to said property, and have put the burden of proof upon the claimant as to each article of said property.

*Drury Field*, also for appellants.

*E. B. Wheeler* and *D. M. Short & Son*, for appellee, cited Guerin v. Patterson, 55 Texas, 124; Horton v. Reynolds, 8 Texas, 284; Pridgen v. Hill, 12 Texas, 374; Carleton v. Baldwin, 27 Texas, 572; Boaz v. Schneider, 69 Texas, 128; Seguin v. Maverick, 24 Texas, 526.

ACKER, PRESIDING JUDGE.—Wilson & Martin brought suit against G. H. Brown and sued out an attachment, which was levied upon several thousand pounds of cotton in the seed and two rolls of bagging and two bundles of ties.

D. C. Lucas claimed the property, and executed affidavit and bond as required by statute.

Upon trial of the rights of property by a jury there was verdict and

judgment for the claimant Lucas, from which the plaintiffs, Wilson & Martin, appealed.

The first assignment of error is, "The court erred in allowing D. C. Lucas to testify that he paid A. M. Garrett a balance due on the bagging and ties after the same had been attached, and that he paid Zeke Anthony for hauling the same after they had been attached."

Lucas testified that he gave Brown $5, with request that he send by first wagon passing to Logansport for two rolls of bagging and two bundles of ties. Brown corroborated Lucas, and testified that he gave the $5 to Zeke Anthony, who was going to Logansport with his wagon, and requested him to bring to Brown (who was running a public gin) the two rolls of bagging and two bundles of ties, and told him if the money was insufficient to pay the charges therefor to tell Garrett to charge the balance to him (Brown). Anthony purchased the bagging and ties from Garrett, who rendered an account therefor against Brown amounting to $8.50, upon which the $5 delivered to Anthony was credited. On Anthony's return from Logansport, with the bagging and ties in his possession, they were seized by the sheriff under the attachment in favor of Wilson & Martin against Brown.

The facts testified to by both Lucas and Brown unquestionably proved the bagging and ties to be the property of Lucas whether he ever paid the balance due on them or not; so, as stated in the second ground of objection by plaintiff, the testimony was immaterial, and we think there was no error in the ruling of the court complained of by the first assignment.

The second assignment of error relates to the same question presented by the first assignment, and what we have said in discussing the first disposes of the second assignment also.

The third assignment of error is not presented.

The fourth assignment of error is, "The court erred in failing to instruct the jury that it was the duty of Lucas to establish his right to the property, the bagging and ties as well as the cotton, by a preponderance of the evidence."

Plaintiffs asked a special charge upon the alleged omission in the charge given, which was refused.

The right to both the cotton and the bagging and ties, which constituted "the property in controversy," was made the issue by the levy of the attachment and the claimant's affidavit and bond, and the court charged the jury that "Wilson & Martin claim title to the property in controversy herein by virtue of the levy of an attachment thereon," etc.; and that "the defendant, D. C. Lucas, claims that before the levy of said attachment he had purchased and thereby acquired title to said property, and if there is a preponderance of evidence in favor of such claim of defendant he is entitled to recover herein. The burden of proof in this case is upon the defendant, and unless his claim to the property is sup-

ported by a preponderance of the evidence you will find for the plaintiff."

We think the charge given was quite sufficient, and that the court did not err in the matter complained of by the fourth assignment of error.

Under the last assignment of error presented it is contended that the court should have granted a new trial, "because the claimant failed to establish his right to the property by a preponderance of the evidence, and because the verdict and judgment are contrary to the law and the evidence."

This assignment amounts to no more than saying that "the verdict and judgment are contrary to the law and the evidence," and is therefore too general to entitle it to consideration, as has been often declared of such assignments by the decisions of this court.

Having carefully examined the facts, however, we deem it not inappropriate to say that both Brown and Lucas testified most. positively to the purchase of the property by the claimant before the levy of the attachment, and while some of their statements or declarations testified to by other witnesses tend to contradict their testimony given on the trial, we can not say that the verdict is against the preponderance of the evidence. There being evidence to sustain the verdict, under the authority of repeated decisions of this court it must stand.

We are of the opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted October 28, 1890.