TEXAS DRUG COMPANY v. I. F. BAKER ET AL.

Decided March 22, 1899.

1.   Fraudulent Conveyance—Preferring Creditors.

A transfer of all his property by an insolvent debtor, in settlement of the claim of a bona fide creditor not less in amount than its value, necessarily delays and defeats the claims of other creditors, and is not rendered invalid by the existence of an intent on the part of both that it should have that effect.

2.   Same—Secret Partner—Estoppel.

The fact that the preferred creditor had been a secret partner with the debtor will not estop him, as against creditors of the firm, from taking a transfer of such debtor's property in settlement of a bona fide debt.

ERROR to Fannin.   Tried below before Hon. E. D. McCLELLAN.

*McCormick & Spence,* for plaintiff in error.

*Richard B. Semple,* for defendants in error.

FISHER, CHIEF JUSTICE.—The defendant in error Baker brought this suit against the drug company and the sheriff of Fannin County and the sureties on his official bond, for damages arising from an alleged conversion of certain goods and merchandise seized under a writ of attachment in a suit pending between the drug company and one L. B. Ryan.

The defendants, for answer, alleged that the goods seized under the writ of attachment were the property of L. B. Ryan, or the property of a partnership composed of L. B. Ryan and the defendant in error I. F. Baker, and that the goods had been transferred by Ryan to the plaintiff with intent to delay and defraud the creditors of Ryan. The result of the suit was a verdict and judgment in favor of plaintiff Baker for $664 and interest.

In view of the questions raised by the assignments of errors, we deem it necessary to only find the following facts:

There is evidence in the record which justifies the conclusion that Ryan and Baker, prior to the levy of the writ of attachment in this case, were at one time partners, engaged in the drug business. That Ryan was indebted to plaintiff in a sum not less in amount than the value of the goods in question, and that the goods in question were in good faith transferred to the defendant in error Baker for the purpose of paying and satisfying that indebtedness.

Plaintiffs in error requested the court to give the following charge to the jury: "If the jury believe from the testimony that the sale of the goods, for the conversion of which this suit was instituted, made by L. B. Ryan to plaintiff, was made by said Ryan for the purpose and with the intent of hindering, delaying, or defrauding said Ryan's other creditors, and that such purpose and intent on the part of said Ryan was known to and participated in by plaintiff, then you are charged that said sale was fraudulent as to the defendant, Texas Drug Company, and if you believe said defendant was then an existing creditor of said Ryan; and you should, if you so believe from the testimony, find for the defendant, although you should also believe from the testimony that said Ryan was actually indebted to the plaintiff."

The question presented by this charge is that the jury should hold the sale void, based solely upon the purpose and intent of the parties thereto to defeat or defraud other creditors in the collection of their claims, although the sale was made and the property transferred by Ryan, the debtor, to his creditor, Baker, for the purpose of satisfying a bona fide debt. If Ryan was insolvent, which is shown to be the case here, the effect of the transfer to Baker would operate to delay or defeat the collection of the claims of other creditors, independent of any question of intent with which that conveyance was executed. If Baker's debt was bona fide, and the purpose, by the transfer of the property, was to ex-

tinguish and pay off that debt, and if no more property was transferred than was reasonably necessary for that purpose, the legal effect of that transaction would not depend upon the intention with which it was made. If the parties to that transaction knew that Ryan was insolvent, which was evidently the case, in the nature of things they also knew that the effect of the transfer would be to defeat the claims of other creditors. Now, if this was true, and under such circumstances the debtor would, in law, be authorized to transfer property for the purpose of paying bona fide debts, and it is received for that purpose, this would be a lawful transaction. And as said in Ellis v. Valentine, 65 Texas, 548, "What it is lawful to do can not become unlawful by reason of the fact that it is done through a motive or with an intent not friendly to all creditors. A hinderance or delay which does not operate as a fraud upon other creditors is not that prohibited by law." Hass v. Kraus, 86 Texas, 689; Martin, Brown & Co. v. Bank, 41 S. W. Rep., 525.

In reply to the third assignment of error, it is sufficient to say that we do not believe that the subject of estoppel properly arises in the case. We fail to perceive how the fact of defendant in error Baker's being a secret partner in the drug business with Ryan could in any manner operate as an estoppel against his right to assert ownership in the goods in question acquired under a bona fide purchase from Ryan, for the purpose of satisfying the debt due Baker. It is true that the goods may have been sold to L. B. Ryan without any knowledge upon the part of the drug company that Baker was interested in the business with Ryan; and it may also be true that Baker concealed his interest in the firm; still, the judgment of the drug company against Ryan, without Baker being a party thereto, would not authorize the seizure of Baker's property and estop him from asserting a title which he honestly acquired from Ryan, although his interest in the business may have been concealed.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.