INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. V. T. J. DUNCAN.

Decided April 28, 1909.

**1.—Harmless Error—Issue Excluded.**

On an appeal by defendant, errors in the admission and exclusion of evidence relating only to a ground of recovery which was expressly excluded from consideration by the charge are not ground for reversal.

**2.—Evidence—Relevancy.**

In an action by a passenger for injuries attributed to the filthy and unsanitary condition of the coach, it was not error to admit evidence that the child of another passenger became sick and vomited in an adjoining compartment of the coach.

**3.—Evidence—Privileged Communication.**

Testimony of an attorney that plaintiff had applied to employ him to bring the suit, submitting a statement variant from his testimony on the trial, upon which such attorney had declined to bring the suit, was properly excluded on objection by plaintiff. It is irrelevant, immaterial and a privileged communication.

**4.—Practice in Trial Court.**

Where a female passenger sought recovery by reason of having been made sick by passengers smoking in the coach in which she traveled, no error appeared in the admonition of the court in the presence of the jury that there should be no smoking in the court room. It was not a comment upon the weight of plaintiff's evidence nor prejudicial to defendant's rights.

**5.—Carriers—Passenger—Misconduct of Other Passengers.**

A carrier is not liable for injuries to a passenger by the profanity or disorderly conduct of other passengers unless its servants were present or could have anticipated or prevented such conduct. Charge considered, and held erroneous for failure to so qualify defendant's liability; and requested charges on the subject held to have been improperly refused.

**6.—Carrier of Passengers—Termination of Transit.**

A passenger traveling over connecting lines of railway upon a coupon ticket, having arrived at the terminus of one of the connecting lines, was delayed there nine days by sickness; having then gone to the station of that company to procure a renewal or extension of time upon his ticket which had expired, he was permitted, with his family, to remain in the station building about two hours before taking the train of the next connecting carrier at another depot at a short distance away. Held, that the relation of passenger and carrier with the company in whose depot he so remained, had ended on his arrival at the terminus of that road, and that while so remaining in its depot awaiting the

departure of a train upon another road he was entitled to only ordinary care. Charge on this subject considered, and held erroneous in requiring of defendant the high degree of care that a very prudent person would have used under similar circumstances with respect to the heating of its waiting room. Requested instruction on same subject held improperly refused.

**7.—Negligence—Proximate Cause—Charge.**

A defense to the recovery of damages for personal injuries is established where the evidence shows that the proximate and efficient cause of the injury was one not due to defendant's negligence. It is not necessary to the defense that such result should be due to contributory negligence by the plaintiff. Charges on this subject given and refused, considered and held to present error.

**8.—Conflicting Charges.**

An erroneous instruction to the jury is not cured by giving a charge in conflict with it.

**9.—Damages—Personal Injury—Subsequent Aggravation.**

A defendant is liable for the results of a personal injury though they are aggravated in their subsequent development by circumstances not under his control. His only relief from responsibility for such subsequent development is where the circumstances occasioning it are due to plaintiff's own negligence. Requested instructions on this subject considered and held improper.

**10.—Requested Instruction.**

Refusal of a proper and necessary instruction is not error where the point is covered by another requested instruction which was given.

ON MOTION TO REFORM JUDGMENT.

**11.—Practice on Appeal.**

Where the case against a defendant has been fully developed and verdict in his favor properly directed, the judgment as to him should be affirmed, though a reversal is ordered on appeal by his codefendant against whom recovery was had.

Appeal from the District Court of Milam County. Tried below before Hon. J. C. Scott.

*Henderson & Lockett,* for appellant, St. Louis Southwestern Ry. Co. (*E. B. Perkins* and *D. Upthegrove,* of counsel.)—The passengers of whose conduct complaint was made were lawfully upon the train, and defendant can not be held liable for any injury resulting to plaintiff's wife by reason of the words or conduct of such passengers, unless its servants knew of or could, by the exercise of the care chargeable against them, have anticipated and prevented such acts and conduct. Missouri, K. & T. Ry. Co. v. Ball, 25 Texas Civ. App., 500; Thweatt v. Houston, E. & W. T. Ry. Co., 31 Texas Civ. App., 227; Texas & P. Railway Co. v. Woods, 15 Texas Civ. App., 612; Galveston, H. & S. A. Ry. Co. v. Long, 13 Texas Civ. App., 665; Prokop v. Gulf, C. & S. F. Ry. Co., 34 Texas Civ. App., 520; Gulf, C. & S. F. Ry. Co. v. Shields, 9 Texas Civ. App., 656, 657; Segal v. St. Louis S. W. Ry. Co., 35 Texas Civ. App., 517; Gulf, C. & S. F. Ry. Co. v. Wallen, 65 Texas, 572; N. N. & C. R. Co. v. Burke, 53 Miss., 200, 24 Am. Rep., 689.

The error in the main charge in authorizing a verdict against defendant if its servants were guilty of negligence, even though the injury to plaintiff's wife was caused by some other act or circumstance,

was not cured by giving the contradictory special charge No. 5 requested by defendant, to the effect that before they could find against defendant the jury must believe from the evidence that the injury to Mrs. Duncan was the direct and proximate result of some negligence on the part of defendant, there being nothing by which the jury could determine which instruction should control, and the natural inclination of a jury being to give preference (if to either) to the direction of the court's main charge, rather than to an instruction given as upon the request of a party. Houston & T. C. Ry. Co. v. Kimbell, 43 S. W., 1051; Baker v. Ashe, 80 Texas, 361; Gulf, C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App., 23; Western U. Tel. Co. v. May, 8 Texas Civ. App., 180; Willoughby v. Townsend, 18 Texas Civ. App., 726; Gonzales v. Adoue, 94 Texas, 125; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 283-4; San Antonio & A. P. Ry. Co. v. Jazo, 25 S. W., 713; International & G. N. Ry. Co. v. Lehman, 30 Texas Civ. App., 3.

The uncontradicted testimony established that plaintiff's wife was transported over the line of the St. Louis Southwestern Ry. Co. on a coupon ticket purchased from another carrier at Chattanooga, and that the line of the St. Louis Southwestern Railway Company terminated at Texarkana, and that plaintiff's journey from that point was to be, and in fact was, over the line of the Texas Pacific Railway Company; hence when plaintiff's wife debarked from the train of the St. Louis Southwestern Ry. Co. and left its depot at Texarkana January 6, 1904, the relation of carrier and passenger no longer existed between said railway company and plaintiff's wife, and the company no longer owed her that high degree of care due from a carrier to a passenger. Railway Co. v. Looney, 85 Texas, 158; Harris v. Howe, 74 Texas, 534, 5 L. R. A., 777; Rozwadosfskie v. International & G. N. Ry. Co., 1 Texas Civ. App., 487; St. Louis S. W. Ry. Co. v. Franklin, 44 S. W., 702; Texas & P. Ry. Co. v. Miller, 79 Texas, 82; Davis v. Houston & T. C. Ry. Co., 59 S. W., 844, 846.

Even if defendant's agent invited plaintiff and his wife to remain at defendant's depot, such waiting was not for the purpose of becoming a passenger on defendant's train, but for the purpose of boarding a train on the Texas & P. Railway which had its own depot only a few steps distant; and plaintiff and his family were at the most licensees to whom no more than ordinary care was due. Bullock v. Houston, E. & W. T. Ry. Co., 55 S. W., 184; Missouri, K. & T. Ry. Co. v. Kendrick, 32 S. W., 42; Chicago, R. I. & T. Ry. Co. v. Boyles, 11 Texas Civ. App., 522; St. Louis S. W. Ry. Co. v. McCullough, 33 S. W., 285; Davis v. Houston & T. C. Ry. Co., 59 S. W., 844, 846.

If it was necessary for plaintiff to go to the Cotton Belt depot to procure tickets over the Texas & Pacific, and it should be held that while procuring such tickets plaintiff was due the care owed a passenger, yet, having procured the tickets over the Texas & Pacific, he would no longer be entitled to such care at the hands of the Cotton Belt after a reasonable time and opportunity to leave its depot. Davis v. Houston & T. C. Ry. Co., 59 S. W., 844; Bullock v. Houston, E. & W. T. Ry. Co., 55 S. W., 184; Heinlein v. B. & P. R. Co., 147

Mass., 136; Pittsburg, etc., R. Co. v. Krouse, 30 Ohio St., 222; Johnson v. Boston, etc., R. Co., 125 Mass., 75.

*R. B. Pool* and *Monta J. Moore,* for appellee.—By the deposition of the witness Hart appellant sought to introduce evidence of communications between attorney and client which were privileged, and therefore not admissible. McIntosh v. Moore, 22 Texas Civ. App., 22; Railway Co. v. Lock, 30 Texas Civ. App., 426.

If there was error in the paragraph of the court's charge complained of in the eleventh assignment, it was not affirmative error, and was abundantly corrected by other portions of the main charge and by special charges Nos. 4a and 5, given at appellant's request. Yellow Pine Oil Company v. Noble, 101 Texas, 125; Parks v. San Antonio Trac. Co., 100 Texas, 222; San Antonio & A. P. Ry. Co. v. Lester, 99 Texas, 214; International & G. N. Ry. Co. v. Branch, 29 Texas Civ. App., 144; International & G. N. Ry. Co. v. Hugen, 45 Texas Civ. App., 326.

It was not error to refuse special charge No. 12, because the same is incorrect and misleading in that it requires the jury to believe that appellant's servants should have foreseen that the particular words, "hands on your pocket-book," would be called out, whereas it was not necessary as a condition to liability that the servants should anticipate the precise consequences of their negligence. Railway Co. v. Morgan, 108 S. W., 724; Trinity Lumber Co. v. Denham, 86 Texas, 60; Rice v. Dewberry, 93 S. W., 719; Railway Co. v. Wall, 110 S. W., 454; Railway Co. v. Kennedy, 112 S. W., 339.

It appearing from the undisputed testimony that plaintiff purchased through tickets from Chattanooga to Taylor, and there being no evidence that the tickets contained any limitation as to liability, the contract for through transportation became also the separate contract of appellant as connecting carrier, and hence there existed the relation of carrier and passenger between appellant and Mrs. Duncan while the latter was at appellant's depot in Texarkana; her previous removal from the train and detention at the hospital under the directions of appellant's servants and under the circumstances shown by the uncontradicted evidence not having terminated such relation and not being inconsistent therewith. Looney v. Railway Co., 10 S. W., 100; Railway Co. v. Wynn, 44 Texas Civ. App., 29; Railway Co. v. Marrs, 100 Texas, 530.

Where a party requests a number of charges on a given issue, he can not complain if the court selects and gives such of the charges as the party may deem less favorable. Cane Belt Ry. Co. v. Crosson, 39 Texas Civ. App., 369; Railway Co. v. Branch, 29 Texas Civ. App., 144.

The verdict of the jury is supported by the evidence. Railway Co. v. Mackie, 71 Texas, 491; Railway Co. v. Campbell, 30 Texas Civ. App., 35; Arrington v. Railway Co., 70 S. W., 551; Rice v. Dewberry, 93 S. W., 715; Railway Co. v. Byrd, 40 Texas Civ. App., 315.

RICE, Associate Justice.—Appellee T. J. Duncan sued appellant the St. Louis Southwestern Railway Company, the Texas & Pacific

Railway Company and the International & Great Northern Railroad Company, to recover damages for personal injuries alleged to have been received by his wife, Mrs. L. A. Duncan, while a passenger on defendants' lines of railway between Memphis, Tennessee, and Taylor, Texas.

The evidence offered for plaintiff shows that on the second of January, 1904, he with his family, consisting of his wife and five small children, left their home at Chanute, Tennessee, for Taylor, Texas, traveling overland some thirty-five miles from their home to Glenmary, where they went by train to Chattanooga, and from thence to Memphis, arriving there about 11 o'clock on the night of January 5th. While at Chattanooga plaintiff purchased coupon tickets over defendants' lines of railway for himself and family to Taylor, Texas. Remaining the night of the 5th at the depot in Memphis, where his wife and children slept on a quilt on the floor, they took passage on the morning of the 6th about 8 o'clock on the cars of the St. Louis Southwestern Railway for Texarkana, arriving there about 11:30 that night. Plaintiff's wife was enceinte, about four months advanced in pregnancy, and shortly before reaching Texarkana, miscarried, on account of which he and his family were compelled to remain at Texarkana until she was able to resume her journey. Upon reaching Texarkana, by direction of the conductor and a special agent of appellant, plaintiff's wife was taken to a private sanitarium where, after treatment for nine days, she was discharged on the 14th of January, and they resumed their journey that morning, arriving at Taylor that night.

Plaintiff alleged among other things that the car in which they rode from Memphis to Texarkana was crowded, was allowed to become filthy and in an unsanitary condition; that en route the drinking water gave out before reaching Texarkana; that his wife became very thirsty and suffered intensely for the want of water, and that during said day she was greatly disturbed and annoyed by the rude and boisterous conduct and profane language indulged in by other passengers in her presence and hearing; that the lights in the coach in which she was riding, after burning for a short while, suddenly went out, whereby they were compelled to travel the balance of the journey to Texarkana in the dark; that after said lights went out some one in the coach halloed out, "Hands on your pocket-book," on account of which she became very much frightened and nervous and miscarried, which was occasioned by all of the wrongful and negligent acts of appellant above recited. It was further alleged that while at the sanitarium she was improperly treated by the physicians of appellant, who were negligent in the removal of the after-birth, and who discharged her in a feeble condition and before she was able to resume her journey; and that at the time of said discharge the weather was cold, inclement and damp, and that appellant's depot, where plaintiff was compelled to go to procure tickets for the balance of their journey and where plaintiff's wife awaited the arrival of her train, was improperly heated and ventilated, causing her to contract a severe cold, which developed into a pulmonary trouble, from which she suffered great physical pain and injury, and that the cars in which they rode en route from Texarkana

to Taylor were likewise improperly heated and ventilated, occasioning further injury; that on account of said injuries so received at the hands of appellant she was made sick and was confined to her bed some four or five months after her arrival at Taylor, and to her house some twelve months, suffering from milk leg, as well as other complications.

The answers of appellants, among other things, consisted of a general denial and pleas of contributory negligence. Plaintiff dismissed as to the Texas & Pacific Railway Company and, failing to introduce any evidence against the International & Great Northern Railroad Company, the court instructed a verdict in behalf of the latter, and the trial proceeded before a jury as against appellant, and verdict was returned in favor of plaintiff in the sum of $5,000, upon which judgment was accordingly rendered and from which this appeal is prosecuted.

As the first seven assignments are addressed to supposed errors growing out of the ruling of the court in the admission and exclusion of evidence, and the refusal of special charges in reference to the injuries complained of, predicated upon the alleged improper treatment and premature discharge of plaintiff's wife by physicians while at the sanitarium at Texarkana, it will not be necessary to consider the same for the reason that the court expressly charged that the plaintiff could recover nothing on account thereof.

We overrule the eighth assignment, because we think the evidence was properly admitted relative to a child being sick in an adjoining compartment of the same car, as the same might properly be considered as a circumstance in connection with the other evidence offered upon this subject.

By the ninth assignment appellant complains that the court erred in refusing to permit it to prove by R. D. Hart, Esq., an attorney of Texarkana, of the firm of Hart & Mahaffey, that the plaintiff, after the alleged injury to his wife, consulted him with the view of employing his firm to bring suit against appellant on account of the miscarriage of his wife, and submitted to him a written statement of the facts upon which he based his claim, and that the same was variant from plaintiff's testimony on the trial, and to show that said attorney did not bring suit for plaintiff against appellant on said claim. We do not think there was any error in the exclusion of this evidence. It was objected to on the ground that it was irrelevant and immaterial, and further, that the same was a privileged communication between attorney and client. In our judgment all of these objections were sound, for which reason we overrule this assignment. (McIntosh v. Moore, 22 Texas Civ. App., 22; Ft. Worth & D. C. Ry. Co. v. Lock, 30 Texas Civ. App., 426; Greenleaf on Ev., section 238.)

We overrule the tenth assignment complaining of the admonition of the court in the presence of the jury, to the effect that there should be no smoking in the court room during the trial, because it was the duty of the court to preserve order and decorum and to prevent smoking during its sessions; especially was this true where a juryman had been made sick thereby and had complained to the court, notwithstanding his attention had been called thereto by plaintiff testifying

that his wife was nauseated from the smell of tobacco fumes while a passenger on appellant's railway. It was in no sense a charge or comment upon the weight of the evidence, as contended for by appellant, nor can we think it could be regarded as prejudicing its rights.

By its eleventh assignment appellant urges that the court erred in the following paragraph of its charge to the jury, to wit: "Now if you believe from the evidence that while the plaintiff's wife was a passenger on the St. Louis Southwestern Railway Company's train between Memphis and Texarkana the condition of the car in which she was riding was in such an unsanitary and unclean condition that it contained noxious fumes and odors; or if you believe from the evidence that the said car was not supplied with sufficient drinking water; or if you believe from the evidence that the lights in said car went out or became extinguished; or if you believe from the evidence that any of the passengers on said car were drinking liquor and that they used improper or indecent language or were guilty of improper conduct in the presence and hearing of the plaintiff's wife; and if you further believe from the evidence that any of the aforesaid conditions which may be shown to have existed were the proximate result of the failure of the St. Louis Southwestern Railway Company, its agents or employes, to exercise that high degree of care that very careful and prudent persons would have exercised under similar circumstances, and if you further believe from the evidence that any of the aforesaid conditions which may be shown to have existed were, either separately or in conjunction with each other, the direct and proximate cause of the miscarriage of the plaintiff's wife, and that by reason of such miscarriage plaintiff's wife suffered or sustained any of the injuries complained of in plaintiff's petition, then you will find for the plaintiff, unless you find for the defendant under further instructions herein," because the same authorized the jury to hold this defendant liable for improper or indecent language or improper conduct of passengers on defendant's train in the presence and hearing of plaintiff's wife, without requiring that the jury should believe the defendant's servants or some of them were present at the time, or knew or could have known of such improper language or conduct, or could have anticipated and prevented the same; and further, because said paragraph of said charge authorized and directed the jury to find for the plaintiff against the defendant upon a finding that one set of facts or circumstances constituted negligence on the part of defendant, and another set of facts directly and proximately caused the injury to plaintiff's wife. By its proposition thereunder, appellant insists that passengers of whose conduct complaint was made were lawfully upon the train, and defendant can not be held liable for any injury resulting to plaintiff's wife by reason of the words or conduct of such passengers, unless its servants knew, or could by the exercise of the care chargeable against it, have anticipated and prevented such acts and conduct. In this connection defendant requested the following special charges:

"Gentlemen of the jury: You are charged that you can not consider as against the defendant, St. Louis Southwestern Railway Company, any boisterous, loud or unseemly conduct on the part of any passengers on the car in which Mrs. Duncan was riding unless

you believe from the evidence that at the time of the said boisterous, loud or unseemly conduct, one of the defendant's servants in charge of said train was present or knew, or could have known, of the loud, boisterous and unseemly conduct on the part of said passengers."

"Gentlemen of the jury: You are charged that if you believe from the evidence that some person in the car in which Mrs. Duncan was riding called out "hands on your pocket-books," and that the said words frightened and alarmed Mrs. Duncan, and was the direct and proximate cause of her miscarriage, yet before you can find for the plaintiff because of injuries resulting therefrom you must believe that some servant or employe of the said defendant St. Louis Southwestern Railway Company was at the time present in the car or had reason to anticipate that the said words would be called out; and unless you believe from the evidence that some servant or employe of said defendant was present at the said time or could have anticipated that the said words would be called out, then you must disregard the said words or any effect you may believe they had upon Mrs. Duncan in arriving at your verdict."

There was no testimony that any of the train crew were present at of the passengers were rude and boisterous, using loud language, and that when the lights went out, some one halloed "Hands on your pocket-book." It was not shown who did this. Plaintiff's wife testified that she was greatly disturbed by reason of the disorderly conduct; that when some one halloed out "Hands on your pocket-book" she became very nervous, shook all over, turned sick and miscarried.

There was testimony on the part of plaintiff to the effect that some this time. The conductor testified that he caused the passengers that were cursing and swearing to sit down, which they did while he remained in the car; that he had no reason to believe that they would again become boisterous when he left; that he did not know whether this occurred in the particular car in which plaintiff and his wife were riding. We are inclined to think that the charge given by the court is open to the criticism urged against it, because it permitted a finding against appellant without requiring the jury to further believe that the defendant's servants or some of them were present at the time, or knew or could have known of such improper language or conduct, or could have anticipated or prevented the same. The parties who were guilty of this conduct were shown to have been passengers. They were lawfully upon the train, and before appellant could properly be held accountable for their misconduct in this respect, it must appear that the same was done either in the presence or hearing of its servants, and they failed to interfere and prevent it, or that the circumstances should have caused them to have anticipated something of the kind and prevented it. The charge therefore, in our judgment, as given was error. The special charge asked should have been given, because it was the law of the case as made by the evidence. (Missouri, K. & T. Ry. Co. v. Ball, 25 Texas Civ. App., 500; Thweat v. Houston, E. & W. T. Ry. Co., 31 Texas Civ. App., 227; Texas & P. Ry. Co. v. Woods, 15 Texas Civ. App., 612; 40 S. W., 846; Galveston, H. & S. A. Ry. Co. v. Long, 13 Texas Civ. App., 665; Prokop v. Gulf, C. & S. F. Ry. Co., 34 Texas Civ. App., 520; Gulf, C.

& S. F. Ry. Co. v. Shields, 9 Texas Civ. App., 656; Segal v. St. Louis S. W. Ry. Co., 35 Texas Civ. App., 517; Gulf, C. & S. F. Ry. Co. v. Wallen, 65 Texas, 572; New Orleans, St. L. & C. R. Co. v. Burke, 53 Miss., 200, 24 Am. Rep., 689.)

By its fourteenth assignment of error appellant insists that the court erred in the following paragraph of its charge to the jury:

"If you believe from the evidence that on January 14, 1904, plaintiff went to the depot of the St. Louis Southwestern Railway Company at Texarkana to get his tickets extended in order to resume his journey, and you believe it was necessary for him to go to said depot for such purpose, and you further believe that plaintiff and his wife, by the directions of the ticket agent of the said St. Louis Southwestern Railway Company at Texarkana, remained in the waiting room of said depot of the St. Louis Southwestern Railway Company at Texarkana until they boarded the passenger train of the Texas & Pacific Railroad, then you are instructed that plaintiff and his wife were passengers of the said St. Louis Southwestern Railroad up to the time they left said depot to board the train of the Texas & Pacific Railroad on which they left Texarkana, and if you further believe from the evidence that while she was at said depot waiting for a train upon which to depart, that said depot waiting room was not properly heated, and that by reason of the room being improperly heated plaintiff's wife became chilled and sick, and caught a cold and suffered as alleged in plaintiff's petition, and you believe from the evidence that defendant's failure to have said depot waiting room properly heated, if it was improperly heated, was a failure on the part of the defendant, St. Louis Southwestern Railway Company, to exercise that high degree of care that a very prudent person would have used under similar circumstances, and that such failure on the part of defendant to properly heat the waiting room (if there was such failure) was the direct and proximate cause of plaintiff's wife becoming chilled and catching cold and suffering, as alleged in plaintiff's petition, you will find your verdict for the plaintiff unless you find for defendant under other charges hereinafter given you, notwithstanding you may find against the plaintiff on the question of miscarriage already submitted to you."

The uncontroverted testimony established the fact that the plaintiff and his wife were transported over the line of the St. Louis & Southwestern Railway Company on a coupon ticket purchased from another carrier at Chattanooga, and that the line of the St. Louis Southwestern Railway Co. terminated at Texarkana, and that the plaintiff's journey from that point was to be, and in fact was, over the line of the Texas & Pacific Railway Company. Plaintiff and family were detained at Texarkana for some eight days, on account of this mishap to his wife. On starting again it became necessary, it appears from the evidence, for him *to procure other tickets upon which to continue his journey. These tickets, however, when issued to him, were issued, as appears from the face thereof, by the Texas & Pacific Company, and not by the appellant.* He testified, however, that he went to appellant's depot to procure his tickets, and obtained them there. But be this as it may, upon receiving the tickets his mission at appellant's depot was ended, as he must resume his journey from the depot of the Texas & Pacific.

It seems that the plaintiff and his wife missed the first train out after procuring their tickets, and returned to the depot of appellant and were told by the agent that they might remain there if they so desired until the arrival of the next Texas & Pacific train, about two hours thereafter, which they did. It was shown that the Texas & Pacific depot was only a short distance from appellant's depot; and while plaintiff testified that this occurred at appellant's depot, and the tickets were procured there, yet it must be confessed from all the facts in evidence there is some doubt as to whether he was not mistaken in this regard. Plaintiff and his wife both testified that the latter caught cold while waiting at the depot for the train to Longview. It was shown by the testimony of the physician at the sanitarium that it was safe for Mrs. Duncan to leave the hospital at the time she did provided care should be taken of her. It was alleged by plaintiff that at the time his wife resumed her journey from Texarkana, that the weather was cold, raw and damp, and it was necessary for her confort that she be furnished with a comfortable waiting room at the depot while waiting for her train, and that the defendant negligently failed to perform its duty in this respect in this, that said depot was improperly heated and ventilated, by reason of which his wife became chilled while awaiting the arrival of said train, caught cold and contracted a pulmonary trouble, which was alleged to be permanent and incurable, etc.

Appellant in this connection requested that the following charge be given, which was refused: "Gentlemen of the jury: You are charged that when Mrs. Duncan debarked from the train of the St. Louis Southwestern Railway Company at Texarkana, and was removed from the depot of said company, the relation of passenger and carrier no longer existed between the railway company and the said Mrs. Duncan, and the said railway company no longer owed to the said Mrs. Duncan that high degree of care that a very prudent and cautious person would have exercised under the same or similar circumstances."

We are constrained to believe that the charge complained of ought not to have been given, for the reason that under the facts in evidence plaintiff was not a passenger of appellant at the time this alleged injury was received by his wife. Her journey over appellant's road had been completed some nine days before, and at the time thereof she and her husband had completed the transaction of procuring their tickets, and were merely awaiting at the depot the departure of the Texas & Pacific train, and were not at this time passengers of appellant. The special charge was applicable to the facts proven and should have been given. (Gulf, C. & S. F. Ry. Co. v. Looney, 85 Texas, 158; Harris v. Howe, 74 Texas, 534; Rozwadosfskie v. International & G. N. Ry. Co., 1 Texas Civ. App., 487; St. Louis S. W. Ry. Co. v. Franklin, 44 S. W., 702; Texas & P. Ry. Co. v. Miller, 79 Texas, 82.) It seems to us, under the circumstances, appellant only owed the duty of ordinary care. (Bullock v. Houston, E. & W. T. Ry. Co., 55 S. W., 184; Missouri, K. & T. Ry. Co. v. Kendrick, 32 S. W., 42; Chicago, R. I. & T. Ry. Co. v. Boyles, 11 Texas Civ. App., 522; St. Louis S. W. Ry.

Co. v. McCulloch, 33 S. W., 285; Davis v. Houston & T. C. Ry. Co., 59 S. W., 844.)

By the 16th and 17th assignments appellant urges that the court erred in giving special charge No. 1 requested by plaintiff, and in refusing to give special charge No. 6, requested by appellant. Charge No. 1, which was given, is as follows:

"Gentlemen of the jury: You are further instructed if you believe from the evidence that the miscarriage of the plaintiff's wife was caused in part by the negligence of the defendant, St. Louis Southwestern Railway Company, as alleged by plaintiff, and in part by the journey shown to have been made by the plaintiff and his wife, you will find for the plaintiff on the issue as to the miscarriage, unless you believe from the evidence that the plaintiff and his wife in undertaking said journey in the manner in which they did undertake it, or in remaining over night in the depot at Memphis, or both, failed to exercise such care as persons of ordinary prudence would have exercised under similar circumstances."

Special charge No. 6, which was refused, reads as follows: "Gentlemen of the jury: The burden of proof is upon the plaintiff to establish by a preponderance of the evidence all the facts and circumstances necessary to entitle him to recover, among which is included the fact that the injury to his said wife of which he complains herein was the direct and proximate result of some negligent act or omission of the defendant, St. Louis Southwestern Railway Company or its servants as charged in the petition; and if you believe from the evidence that the injury to Mrs. Duncan was not the direct and proximate result of some negligent act or omission on the part of the defendant, St. Louis Southwestern Railway Company or its servants, as charged in the petition, but was the direct and proximate result of some other act, fact or circumstance, then you must find for the defendant St. Louis Southwestern Railway Company, although you may believe such cause was in no way due to the negligence of T. J. Duncan or his wife."

There was evidence showing that plaintiff's wife was a frail, delicate woman, had formerly suffered a miscarriage, and before reaching Memphis, where she boarded appellant's train, had traveled for three days a distance of over 400 miles, the major part of which was by rail; that she spent the night at Memphis at the depot, where she slept upon a quilt and capes spread upon the floor of the depot, having insufficient rest. There was also evidence to the effect that this trip was ill-advised, and that the inconveniences thereof prior to reaching Memphis might, of themselves, have brought on the miscarriage of which she complained; and while it is true the evidence supported their allegations relative to the unsanitary condition of the car, and the other circumstances complained of as occurring therein while traveling from Memphis to Texarkana, still, there was a conflict in the evidence on the issue thus raised by the pleading. Under these circumstances we think it was improper for the court to have given special charge No. 1 at the request of plaintiff, because, in our judgment, it was error to hold appellant liable for injuries occurring to appellee's wife during other parts of the journey prior to the time

that they became passengers on its road; especially so, since it was not contended that the other injuries were occasioned by parties who were tort feasors with appellant.

Special charge No. 6 requested by appellant presented the issues upon this phase of the case in accordance with the law, as we view it, and should have been given, with the exception that the word *"established"* should have been eliminated therefrom, as it imposed a greater burden upon the plaintiff than the law required.   (Dumas v. Missouri, K. & T. Ry. Co., 43 S. W., 908.)

And this error was not cured by the giving, at the request of appellant, of special charge No. 5, because special charge No. 1 was in conflict therewith, and left the jury without a proper rule to govern them upon the subject.   (Houston, E. & W. T. Ry. Co. v. Greer, 22 Texas Civ. App., 5.)   And special charge No. 6 should have been given, notwithstanding the fact that the court had already given at the request of appellant special charge No. 5.   See Railway Co. v. Jamison, 27 S. W., 1090; Railway Co. v. McKenzie, 30 Texas Civ. App., 293.

By the eighteenth assignment of error it is urged that the court erred in refusing special charge No. 10, as follows: "You are charged that a railway company upon whose train a passenger may have been injured through the negligence of its servants, is liable only for injuries which are the direct and proximate result of the said negligence of said railway company or its servants, and that if thereafter any independent, intervening cause, from any source or agency not connected with the said railway company, directly and proximately causes any further or additional injury and damage to said passenger, then the railway company is not liable for such further and additional injury and damage.   You are therefore instructed in this case that if you believe from the evidence that Mrs. T. J. Duncan suffered any exposure at the depot of the Texas & Pacific Railway at Texarkana or on the Texas & Pacific train between Texarkana and Longview or on the International & Great Northern train between Longview and Taylor, or in the hack between Taylor and Thorndale, or at any time thereafter, or overexerted herself or failed to receive proper treatment, care and attention during said time, and as the direct and proximate result thereof she sustained any additional injury, then you can not find for the plaintiff T. J. Duncan against the defendant St. Louis Southwestern Railway any damages for any such additional injuries you may believe were so caused."

As framed, this charge was properly refused.   If the future injuries referred to were wholly disconnected with the one upon which the suit is predicated, then it probably presented a correct theory, but as the evidence in this case tended to indicate that the future injuries complained of only had a tendency to aggravate Mrs. Duncan's condition, the charge as presented was incorrect, because the same directed the jury to find against plaintiff as to such future injuries, without reference to whether she had used ordinary care to prevent their aggravation.   When an injury flows from the negligent act of another, the latter is responsible for the damages resulting, and all that the law demands of the injured party is that ordinary care be used to avert fur-

ther injury. See Texas & Pacific Ry. Co. v. McKenzie, 30 Texas Civ. App., 293.

We think that the nineteenth assignment should be overruled, because, while it is unquestionably the law that the court should charge that the burden of proof is upon the plaintiff, and it is error to refuse so to do, yet a special charge which was given at the request of appellant, properly told the jury that this burden was upon the plaintiff.

We overrule the twentieth assignment, because we are inclined to believe that the objection urged to the charge is hypercritical.

The remaining assignments complain as to the insufficiency of the evidence to support the judgment. We refrain, in view of another trial from a discussion of this branch of the case.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION TO REFORM JUDGMENT.

At a former day of this term this cause was reversed and remanded generally, since which time a motion has been made in behalf of the International & G. N. R. R. Co. to reform said judgment and affirm the same so far as said company is concerned.

Upon the trial in the court below there was no evidence offered showing or tending to show any liability on the part of said International & G. N. R. R. Co., and the court peremptorily instructed a verdict in its favor, and judgment was accordingly entered thereon. The plaintiff voluntarily dismissed as to the Texas & Pacific Railway Co., and judgment was so entered in its behalf; and, while both the International & Great Northern Railroad Company and the Texas & Pacific Railway Company were nominally made parties to said appeal, still, there is no contention on the part of appellant nor appellee Duncan questioning the correctness of said judgment as to either of said companies; and since it appears that plaintiff's case as to each of said parties was fully developed on the trial below, said motion is now granted, and the judgment of the court below is here affirmed so far as it affects the International & G. N. R. R. Co. and the Texas & Pacific Railway Co., but the same stands reversed, as heretofore ordered, so far as it affects the St. Louis Southwestern Railway Company.

*Motion granted.*