ST. LOUIS SOUTHWESTERN RY. CO. v. DUNCAN.

(Court of Civil Appeals of Texas. Austin. Feb. 11, 1914. Rehearing Denied March 18, 1914.)

1. EVIDENCE (§ 208*)—ADMISSIONS.

In an action against a railroad company for personal injuries sustained by plaintiff's wife, the railroad company may introduce abandoned pleadings of plaintiff wherein he contended that part of the injuries were due to the negligence of other railroad companies and plaintiff may introduce evidence to minimize and explain such admissions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 713–725; Dec. Dig. § 208.*]

2. EVIDENCE (§ 263*)—ADMISSIONS — REBUTTING EVIDENCE.

On the second trial of an action against a railroad company for injuries to plaintiff's wife, the company introduced as admissions plaintiff's abandoned pleadings, wherein he charged other railroad companies with liability for part of the injuries. Held, that the charge of the court on the first trial directing the jury to find in favor of such other railroad companies was not admissible to qualify the admission.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1022–1027; Dec. Dig. § 263.*]

3. APPEAL AND ERROR (§ 1052*)—REVIEW—HARMLESS ERROR.

In an action for injuries to plaintiff's wife, the defendant introduced plaintiff's abandoned pleadings charging other railroads with negligence which contributed to the injury, and to minimize the effect of the admission plaintiff erroneously introduced the charge of the court which on the first trial directed a verdict for the other companies. Held that, as the jury only awarded $2,500 damages for the miscarriage for which defendant was alone responsible, the erroneous admission of the evidence must be considered harmless within Court Rule 62a, providing that no judgment shall be reversed for any error not reasonably calculated to cause, and which probably did cause, the rendition of an improper verdict.

[Ed. Note.—For other cases, see, Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

4. DAMAGES (§ 130*)—PERSONAL INJURIES—EXCESSIVENESS.

Where the injuries to plaintiff's wife resulted in her miscarriage, which caused great pain and entailed much expense, a verdict of $2,500 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. § 130.*]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by. T. J. Duncan against the St. Louis Southwestern Railway Company. From.

a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 55 Tex. Civ. App. 440, 121 S. W. 362.

E. B. Perkins, of Dallas, and Henderson, Kidd & Gillis, of Cameron, for appellant. R. B. Pool and W. A. Morrison, both of Cameron, for appellee.

RICE, J. This suit was originally brought by appellee against appellant and the Texas & Pacific and the International & Great Northern Railways, to recover damages for injuries suffered by his wife while a passenger over their lines from Memphis, Tenn., to Taylor, Tex., alleging that by a combination of negligent acts on the part of appellant she was caused to miscarry before reaching Texarkana, where she was detained for medical treatment at a sanitarium for a period of seven or eight days, and, on resuming her journey, suffered additional injuries on account of the negligent failure of said other railways to properly heat and ventilate their cars and depots, as will more fully appear by reference to the first appeal of this case, reported in 55 Tex. Civ. App. 440, 121 S. W. 362. On the trial of that case, appellee dismissed as to the Texas & Pacific, and the court instructed a verdict in behalf of the International & Great Northern Railway Company, and on an appeal from that judgment the appeal was reversed as to appellant, but affirmed as to the other two companies.

[1] On the second trial, from which this appeal is prosecuted, appellee so amended his petition as to state a cause of action solely against appellant. On the trial of this case, appellant introduced in evidence certain statements from the plaintiff's original and amended petition on the former trial, wherein it was claimed that his wife suffered injury on account of the failure to properly heat and ventilate its depots and cars. Whereupon appellee in rebuttal, over appellant's objection, read in evidence the charge and judgment of the court on the former trial, wherein it appeared that plaintiff had dismissed the case against the International & Great Northern, and the court had instructed a verdict in behalf of both companies, and judgment was entered in accordance therewith. Appellant assigns error upon this ruling, insisting that such evidence was irrelevant and inadmissible and was res inter alios acta. Appellant, under its general denial, even though it had caused the miscarriage complained of, had the right to show that the other injuries alleged did not result therefrom, but were occasioned by the negligent acts of the other companies. It also had the right to show that plaintiff had admitted that a part of the injuries resulted from the negligent conduct of the other defendants, and in doing so it might offer evidence of admissions of appellee to this effect, notwithstanding such admissions might be contained in his abandoned pleadings. See Barrett v. Featherstone, 89 Tex. 567, 35 S. W. 11, 36 S. W. 245; Wright v. U. S. Mortg. Co., 54 S. W. 368; G., H. & S. A. Ry. Co. v. Eckles, 54 S. W. 651; Jordan v. Young, 56 S. W. 762; Southern Pac. Ry. Co. v. Wellington, 57 S. W. 857; First Nat. Bank v. Watson, 66 S. W. 234. It was the privilege of appellee, however, to deny or minimize the effect thereof by explaining such admissions, if he could, by showing, for instance, that they were made under a misapprehension of fact by his counsel.

[2] But certainly the judgment of the court directing the jury to find in favor of such other companies was not admissible for either purpose. The charge may have been given on the ground of plaintiff's failure to offer evidence to support his pleadings, or for other reasons. At any rate, in our judgment, the evidence was not admissible. See Choate v. Huff et al., 18 S. W. 87; H. & T. C. R. R. Co. v. Wilson, 50 S. W. 157; Boehm v. Calisch, 3 S. W. 295; 17 Cyc. 274.

[3, 4] We are not inclined, under the facts of this case, to hold, however, that this is reversible error, because we are not prepared to say that an improper verdict was rendered on account thereof, nor are we disposed to believe that on another trial a different result would be reached. Rule 62a for the guidance of Court of Civil Appeals (149 S. W. x) provides that: "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court. * * *"

There is no complaint of the charge, nor that the evidence did not warrant the judgment. The miscarriage for which appellant alone was responsible resulted in great pain and suffering and entailed much expense, and the verdict awarding $2,500 therefor was not, in our judgment, excessive. A judgment for like amount has been sustained by this court for a like injury. See Citizens' Ry. Co. v. Griffin, 49 Tex. Civ. App. 569, 109 S. W. 999. Admission of immaterial evidence is not ground for reversal of a judgment, where the facts shown by other legal evidence support the verdict. See Wilson & Martin v. Lucas, 78 Tex. 293, 14 S. W. 690. Nor is it cause for reversal, where it is apparent that no injury was done. See L. & L. & G. Ins. Co. v. Ende, 65 Tex. 121; Hughes v. Railway Co., 67 Tex. 597, 4 S. W. 219; Tucker v. Smith, 68 Tex. 478, 3 S. W. 671; Railway Co. v. Thompson, 75 Tex. 505, 12 S. W. 742; White v. Wadlington, 78 Tex. 162, 14 S. W. 296; Patten v. Belo, 79 Tex.

48, 14 S. W. 1037; McCamant v. Roberts, 80 Tex. 324, 15 S. W. 580, 1054; Railway Co. v. Greathouse, 82 Tex. 108, 17 S. W. 834.

In the state of the record we hold that, while the court committed error in admitting said testimony, still the same was harmless.

The remaining assignment, being regarded by us as without merit, is overruled.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.