John Hurzon, Administrator of the Estate of John Hurzon, Jr., Deceased, Appellant, v. Alex Schmitz, Appellee.

Opinion filed June 4, 1931.

GEERS & GEERS, for appellant.

WESLEY LUEDERS, R. W. GRIFFITH and FRANK C. SMITH, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On August 2, 1930, appellee was driving his automobile upon the State Hard Road Route 4 and at Benld, Illinois, his car struck and killed John Hurzon, Jr., a boy about seven and a half years of age. This suit was brought to recover for the death of the child.

The declaration contained two counts charging ordinary negligence and a third count charging wanton and wilful negligence. The trial resulted in a verdict and judgment in favor of appellee.

Appellant insists that the court erred in giving appellee's third, fifth, seventh and ninth given instructions. The third instruction informed the jury that in order for appellant to recover damages he must establish by the preponderance, or greater weight of the evidence, that the deceased just prior to and at the time of the collision was in the exercise of due care and caution for his own safety, and that appellee carelessly and negligently drove and managed his automobile and that such negligence was the proximate cause of the death of the child. In view of the third count of the declaration which charged wilful and wanton negligence this instruction was clearly erroneous. Under that count negligence would be no defense.

The instruction is erroneous for another reason. It informed the jury that the plaintiff in order to recover must establish certain facts. In a civil case a plaintiff is entitled to recover if the evidence creates probabilities in his favor,—that is, that the weight of the evidence inclines to his side. *Crabtree v. Reed*, 50 Ill. 206. A plaintiff is not required to establish any elements essential to a recovery. *McMasters v. Grand Trunk Ry. Co.*, 155 Ill. App. 648.

The word "establish" ordinarily means to settle finally, to fix unalterably. It is not necessary in a civil action that any fact should be established—that is, settled certainly, or fixed permanently—which may have been uncertain, doubtful or disputed before. *Eberhardt v. Sanger*, 51 Wis. 72, 79, 8 N. W. 111; *Endowment Rank v. Steele*, 107 Tenn. 1, 63 S. W. 1126; *International & G. N. R. Co. v. Duncan*, 55 Tex. Civ. App. 440, 121 S. W. 362; *Van Geem v. Cisco Oil Mill* (Tex. Civ. App.), 152 S. W. 1108.

The instruction placed a higher burden upon appellant than the law required. It was very much like telling the jury that appellant was required to prove the facts stated to the satisfaction of the jury or beyond a reasonable doubt. Instructions requiring a plaintiff to prove his case by a clear preponderance of the evidence, to produce evidence to satisfy the jury, or to prove certain facts to the satisfaction of the jury, have been frequently condemned. *Crabtree v. Reed,* 50 Ill. 206; *Rolfe v. Rich,* 149 Ill. 436; *Sonnemann v. Mertz,* 221 Ill. 362; *Teter v. Spooner,* 305 Ill. 198. Appellee's second instruction was erroneous for the same reason but no complaint has been made in regard thereto.

Appellee's fifth instruction is erroneous as it directed a verdict and required appellant to prove that the deceased was in the exercise of due care and caution for his own safety. The instruction was not applicable to the third count of the declaration. The seventh instruction informed the jury that when it is said in the instructions that the deceased must be in the exercise of due care and caution for his own safety, it is meant that he will be expected to exercise that discretion and intelligence in protecting himself that would be expected of an average child of his age under like or similar circumstances, etc. The instruction is erroneous because it leaves out of consideration the child's experience. *Lake Erie & W. R. Co. v. Klinkrath,* 227 Ill. 439; *Fowler v. Chicago & E. I. R. Co.,* 234 Ill. 619. The law is clearly established by the great weight of authority that between the ages of seven and fourteen the question of culpability of the child is an open question of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child. *Maskaliunas v. Chicago & W. I. R. Co.,* 318 Ill. 142–150. The instruction also informed the jury that if the deceased was not in the exercise of due care and caution it would be the duty of the jury to find the defendant not guilty,

thus ignoring the third count of the declaration. The ninth instruction is erroneous for the same reason.

Appellee insists that his instructions were proper and that if appellant desired instructions relative to the third count of the declaration it was his duty to present them. If a proper instruction had been given on behalf of appellant it would not cure the error in appellee's instructions. The jury in such a case would have conflicting instructions and they would have to decide for themselves as to the law applicable to the case.

The evidence on behalf of appellant was to the effect that appellee approached the intersection and passed over the same at a speed of not less than 50 miles an hour. There were filling stations on three corners of the intersection and appellee did not see the child until after the collision. There is some evidence on behalf of appellee to the effect that his car was not going more than 25 or 30 miles an hour. A much larger number of witnesses testified on behalf of appellant that the speed was 50 miles an hour or more.

Where the driver of a motor vehicle is obeying all the requirements of the law and all the regulations for operating his machine, he is not, as a rule, liable for injuries received by a child who darts in front of the machine so suddenly that the driver cannot stop or otherwise avoid injuring the child; but if one is running his automobile at a speed in excess of the statutory limit or at an unreasonable or dangerous speed, he cannot escape liability because the child who is injured ran in front of the automobile so suddenly that the accident was unavoidable. *Morrison v. Flowers,* 308 Ill. 189.

Because of error in the instructions given on behalf of appellee, the judgment is reversed and the cause remanded.

*Reversed and remanded.*