**Jesse Collins, by Frank Collins, His Father and Next Friend, Appellee, v. Missouri-Illinois Railroad Company, Appellant.**

1. RAILROADS—*duty to keep lookout for permissive users of right of way.* Where a railroad company has permitted the public to travel over its tracks for a considerable period and a considerable number of persons have availed themselves of such permission, the railroad must keep a lookout for persons on its tracks.

2. NEGLIGENCE—*whether personal injury inflicted wantonly and wilfully as jury question.* Whether a personal injury has been inflicted by wilful and wanton conduct is, ordinarily, a question for the jury to decide.

3. NEGLIGENCE—*what constitutes wanton and wilful injury.* Ill-will is not a necessary element of a wanton act but to constitute such an act the party doing the act or failing to act must be conscious of his conduct and, though having no intent to injure must be, from his knowledge of surrounding circumstances and existing conditions, conscious that his conduct naturally and probably will result in injury.

4. NEGLIGENCE—*conscious indifference to safety of others as es-*

*sence of legal wilfulness.* An intentional disregard of a known duty necessary to the safety of the person or property of another and an entire absence of care for life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness.

5. RAILROADS—*sufficiency of evidence to go to jury on issue of wilfulness and wantonness of injury to trespasser on right of way.* In an action for damages for injuries to a boy struck by defendant's train at a point in defendant's right of way where the evidence showed that the path between the tracks of defendant and those of an adjoining railroad was frequently used by pedestrians consisting of school children and employees of industries in the vicinity and that children frequently walked on the ties and the path alongside of defendant's track and had been doing so for about 15 years, and that in the way the engine was being operated on a curve the engineer could not see persons on the track for a considerable distance, it was for the jury to say whether the operation of the train in the manner shown by the evidence was under the circumstances, wilful or wanton.

6. INSTRUCTIONS—*propriety of instruction in personal injuries action referring to declaration.* In an action against a railroad for damages for personal injuries received by plaintiff, held, that an instruction which referred the jury to the declaration was not error in view of the facts set forth in the declaration.

7. INSTRUCTIONS—*refusal to give requested instruction harmless where principles covered by instructions given.* Though the court should have given a certain instruction requested by defendant there was no reversible error in refusing to give it where the principles of law contained therein were practically covered by other instructions given.

8. NEGLIGENCE—*instruction making intention of defendant to inflict injury sued on element of recovery properly refused.* In an action for personal injuries charging wilful negligence instructions offered on behalf of defendant were properly refused where their practical effect would be to instruct the jury that for plaintiff to recover the injury must have been intentional.

9. INSTRUCTIONS—*instructions incorrectly stating law properly refused.* It was not error to refuse an instruction which did not correctly state the law.

Appeal by defendant from the Circuit Court of Randolph county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924. *Certiorari* denied by Supreme Court (making opinion final).

ALFRED D. RIESS and LOGAN F. HACHMAN, for appellant.

J. FRED GILSTER, for appellee; CARTER, NORTONI & JONES, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee, a colored boy eleven years of age, was run over by a passenger train belonging to appellant company, in the city of Sparta. He suffered a broken leg, injury to the other leg, and the loss of two fingers. An action on the case was instituted in the Circuit Court of Randolph county against appellant to recover for said injuries.

Appellee elected to rely upon the third count of his declaration as amended, which charged wilful and wanton conduct on the part of appellant. A trial was had, resulting in a verdict and judgment in favor of appellee for $1,500.00. To reverse said judgment, this appeal is prosecuted.

Counsel for appellant contend that appellee was injured while trespassing upon the property of appellant, and that the latter was not guilty of wilfully or wantonly injuring him.

On the day in question, appellant company was operating a passenger train, consisting of an engine and three passenger coaches, on its tracks within the corporate limits of the city of Sparta. The engine was being backed so that the rear or tender was in front of the advancing engine and train. Said train was rounding a curve of about 2 blocks in length, and proceeding in a westerly direction. Parallel with the tracks of appellant at this point, and about 6 feet distant therefrom, are the tracks of the Mobile & Ohio Railroad Company, and at the time of said accident a train was running on the M. & O. tracks, alongside of appellant's train.

The evidence discloses that appellee, when about 20 feet east of the Oak Street crossing in said city, was struck by the tender of appellant's engine. He was thrown between the rails, so that the train passed over him, dragging him some distance along the ground.

Counsel for appellee practically concede that at the time of his injury, appellee was a trespasser upon appellant's right of way, so that the only question involved under the evidence is as to whether the conduct of the appellant's servants was so grossly negligent as to be termed wilful or wanton.

The evidence tends to show that appellee when first seen was between the main track of appellant and the tracks of the M. & O. R. R., and that he stepped over on appellant's track just ahead of its approaching train. While some 2 or 3 witnesses saw appellee just before the accident, Victor Williams, a boy about 11 years of age, was the only eye-witness to the accident. His evidence on cross-examination tends to support the contention of appellant to the effect that appellee stepped in front of said tender when it was but a few feet from him. William Williams, a brother of Victor, testified that he saw appellee just before he was struck, but he failed to state whether appellee was then on appellant's track or not. A third witness saw appellee on the track when the train was a hundred feet or more from him. The evidence tends to show that appellee was not watching appellant's train, but that he had his back to it and was looking at a paper he was holding in his hand.

Appellant's engineer testified that "the back of the tender hid my view from the track and the curve in the track made it impossible for me to see on the side of the track on which he is said to have been. We were going about six or seven miles an hour and I could not have stopped the train in less than thirty or forty feet." He further testified that the tender would obstruct the view on his side for about six rails,

being about 180 to 200 feet. On recross-examination, this question was asked the engineer:

"Q. Then you was running your engine in a way that you ran blind for six rails, wasn't you? That is, at this curve where the boy was struck? That is, at the curve where the boy was struck, you was running your engine in a way that you was running blind for six rails, wasn't you?

"A. On a straight track you can see closer.

"Q. I didn't ask you that. At this point where you say you was?

"A. Yes, sir."

The fireman testified that from his side of the engine he could have seen anyone on the track fifty feet or more in front of the tender. There was a conflict in the evidence with reference to whether or not the bell was rung or the whistle was sounded on the engine as it proceeded down the track. The preponderance of the evidence is to the effect that no whistle was sounded or bell rung at this time.

The evidence further is that the path between the tracks of appellant and the tracks of the M. & O. Railroad, was frequently used by pedestrians. School children, people working in the knitting mill and in the coal mines, passed up and down appellant's right of way over its track. The evidence further is that children frequently walked on the ties and the path alongside appellant's track, and had been doing so for some fifteen years prior to said accident.

Counsel for appellant contend and rely on the proposition that in case of a trespasser, the obligation of care to avoid injuring him arises at the time that his peril becomes known to those in charge of the train; that upon the right of way of a railroad company, where the public are not invited or authorized to go for the transaction of business with the railroad company, those in charge of a train must have knowledge both of the presence of the trespasser and of his dangerous situation, before liability for an injury occurs.

In support of this proposition, counsel cited *Neice v. Chicago & A. R. Co.*, 254 Ill. 595.

As a general proposition, this is a correct statement, but the law further is that where a railroad company has permitted the public to travel over its tracks for a considerable period of time, and a considerable number of persons have availed themselves of such permission, the railroad must keep a lookout for persons on its tracks. *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464-471, citing *Joy v. Chicago, B. & Q. R. Co.*, 263 Ill. 465.

In *Joy v. Chicago, B. & Q. R. Co., supra*, the Supreme Court in discussing this question at page 468 says:

"It has been held by this court, and almost universally, that the law casts no duty upon a railroad company to keep a lookout for trespassers on its track in the open country, remote from public crossings, cities and towns. This is conceded and requires no citation of authority. Exceptions to this general rule are (1) places where the railroad company has permitted the public to travel along or over its track for a considerable period of time and a considerable number of people have availed themselves of such use, and (2) where the railroad runs through populous portions of a city, where people frequently go upon or pass over the track with knowledge of the company or for such a length of time that the company is chargeable with knowledge."

Counsel for appellant also cite and rely on *Illinois Cent. R. Co. v. Eicher*, 202 Ill. 556, 566, as a parallel case with the one under consideration. In the *Eicher* case, a licensee on the right of way of said railroad company stepped immediately in front of an approaching train and was killed. It will be observed from a reading of that case that the negligence relied on was the running of said train at an unlawful rate of speed through the City of Carbondale. There was no charge of wilful or wanton conduct in the declara-

tion. The case therefore is not a case decisive of the questions here involved.

Whether a personal injury has been inflicted by wilful and wanton conduct is, ordinarily, a question for the jury to decide. *Bernier v. Illinois Cent. R. Co., supra; Jeneary v. Chicago & I. Traction Co.,* 306 Ill. 392-397.

Ill-will is not a necessary element of a wanton act. To constitute a wanton act, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury. *Jeneary v. Chicago & I. T. Co., supra,* 397.

An intentional disregard of a known duty, necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness, such as charges the person whose duty it was to exercise care with the consequences of a wilful injury. *Walldren Express & Van Co. v. Krug,* 291 Ill. 472; *Bernier v. Illinois Cent. R. Co., supra; Jeneary v. C. & I. T. Co., supra,* 398.

In view of the evidence with reference to travel upon appellant's right of way at the point in question, we are of the opinion and hold that it was for the jury to say whether the operation of the train in question in the manner shown by the evidence, was, under the circumstances, wilful or wanton. We are not disposed to disturb their finding on that issue.

Counsel for appellant contend that the court erred in giving the first instruction given on behalf of appellee, for the reason that it refers the jury to the declaration.

Without going into a discussion of the different cases in which the Supreme Court has discussed in-

structions of this character, we are of the opinion and hold that, taking into consideration the allegation of facts set forth in said count of appellee's declaration, the trial court did not 'err in giving this instruction. *Mt. Olive & S. Coal Co. v. Rademacher,* 190 Ill. 538-542; *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544-548; *Belskis v. Dering Coal Co.,* 246 Ill. 62-69; *McFarlane v. Chicago City R. Co.,* 288 Ill. 476-484.

It is also contended by counsel for appellant that the court erred in modifying instruction number three given on behalf of appellant. The modification of this instruction consisted in striking out the words "such, for example, as persons crossing the tracks at a public street crossing." The elimination of these words was proper, and the court did not err in so modifying said instruction.

It is further contended by counsel for appellant that the court erred in refusing instructions four, five, six, seven and nine, tendered by appellant.

We are of the opinion that the court should have given instruction number four, but inasmuch as the principles of law contained therein are practically covered by other instructions given, there was no reversible error in refusing the same.

Refused instructions number five and nine offered on behalf of appellant do not state the law correctly, as their practical effect would be to instruct the jury that in order for appellee to recover, the injury must have been intentional.

Refused instruction number six was substantially covered by other instructions given.

Refused instruction number seven does not state a correct principle of law. The court did not err in refusing this instruction.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*