May Thirstrop, Appellee, v. Alton and Southern Railroad, Appellant.

Term No. 48F7.

2

Opinion filed May 25, 1948. Released for publication July 20, 1948.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NORMAN J. GUNDLACH, all of East St. Louis, for appellant.

JOHN J. HOBAN, of East St. Louis, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

This case comes to this court on appeal by the defendant appellant, Alton and Southern Railroad (hereinafter referred to as defendant), from a judgment entered on the verdict of a jury in the circuit court of St. Clair county, Illinois, in and by which verdict the said jury found the defendant guilty, and assessed damages against it and in favor of plaintiff appellee, May Thirstrop (hereinafter referred to as plaintiff), in the sum of $7,500.

The motion of appellee to dismiss the appeal has heretofore been considered and is denied.

From the evidence it appears that at sometime between one and three o'clock a. m. August 24, 1946, the plaintiff was riding, as a guest passenger, in the front seat of an automobile driven by one Boren, in a northerly direction on Illinois State Highway No. 3, in the village of Monsanto, Illinois, south of a point where defendant's tracks cross said highway in a northeasterly and southwesterly direction, and there collided with an engine of the defendant. The engine, which was backing up with a string of cars attached to the front end thereof was, at the time of the approach of the automobile to the crossing, about to enter upon and cross said highway from northeast to southwest. As a result of the collision the automobile went into a ditch at the west side of the highway, and plaintiff sustained severe injuries. In the automobile, besides plaintiff and Boren were one Mathis and a Mrs. Berges who were riding in the back seat. Two town constables were riding in a car about 150 feet behind the car in which plaintiff was riding.

Plaintiff testified that she was wholly unacquainted with the route and crossing, having never been over it before; that she was not engaged in conversation, and was watching the road, and that her first intimation of danger was, when nearing the tracks, "I saw a big black object come out in front of us," at which time the driver of the car (Boren) was putting on his brakes and swerving to the left. Testimony for plaintiff was that the car, at that time, was traveling between 30 and 37 miles per hour. Other testimony showed the train was running at about five miles per hour; that along the highway and over the tracks of defendant were located lights known as sodium vapor lights which were directed downward to the highway, but not to the shoulders or sides of the road.

Plaintiff's occurrence witnesses, two of whom were the town constables above referred to, testified that the flasher lights at the grade crossing were not

lighted immediately prior to or at the time of the accident. Several of plaintiff's witnesses testified that no bell or whistle of the train was sounded. Witnesses for the defendant testified that the flasher lights were lighted, the engine bell ringing and a crossing warning whistle sounded. The flasher lights were examined the day before and the day after the accident and found to be in good working order.

Defendant assigns and argues three alleged errors of the trial court, (1) in denying motion for a directed verdict at close of all the evidence; (2) that the judgment was contrary to the manifest weight of the evidence and, (3) in refusing certain instructions tendered by the defendant.

So far as concerns the contention that the verdict was contrary to the manifest weight of the evidence, it appears that the evidence was highly conflicting on the question of flasher lights, bell and whistle and these matters, therefore, were peculiarly for the jury to determine. It is contended plaintiff was shown to be guilty of contributory negligence as a matter of law, or by the manifest weight of evidence, and the driver was guilty of negligence that was the sole proximate cause of plaintiff's injuries.

Defendant charges that plaintiff was guilty of contributory negligence in that she either failed to look for an approaching train or, if she did look, failed to see it, and that either failure constitutes contributory negligence on her part. Counsel cite several cases in support of their contention in this respect, but it must be borne in mind that in all such cases the accident occurred in the daytime, whereas in the instant case it was dark at the time of the happening. It is true the evidence shows that there were along this highway, for a considerable distance on each side of the railroad tracks, and at the crossing, sodium vapor lights which were lighted, but it also appears from the evidence that the rays from these lights were directed down-

ward to the highway and not to the shoulders or sides of the road. There is no proof in the record to show that any part of the engine was illuminated by these lights at the time the automobile was approaching the crossing. In addition, as has heretofore been pointed out, the undisputed testimony of the plaintiff is that she was wholly unacquainted with the highway in question, never having been over it before; that she was not engaged in conversation, and was watching the road, etc.; hence it is our conclusion that the cases cited on this proposition by defendant are not applicable under the facts as shown by the evidence in this case.

■■ In its brief defendant places great reliance upon the language of the Supreme Court in the case of *Grubb v. Illinois Terminal Co.*, 366 Ill. 330. In that case it will be noted that the opinion recites, at page 333, that "the accident occurred at 11:30 o'clock on a bright day." The court also says, at page 338, "The settled rule of this State is, that a person about to cross a dangerous place has the duty of approaching it with care commensurate with the *known* danger. . . ." However, on the same page the court indicates that even in that case the court was not able to say that there was contributory negligence as a matter of law, and the case is reversed on other grounds, one of which was that the lower court treated the plaintiff as a guest passenger when the evidence shows she was in a joint enterprise with the driver. In the case at bar the accident occurred in the nighttime; as stated above, there was not sufficient evidence to show that the ground or objects on either side of the highway were well lighted, as would be the case on a bright day at 11:30 o'clock a. m.; the evidence showed that the plaintiff did not know of the crossing, and there is no showing in the record that there was anything to warn her of the crossing prior to the time the car approached it and, by the evidence, she is shown to have

been a guest passenger, and in no way accountable for independent negligence, if any, of the driver of the automobile. To constitute negligence in failing to look the circumstances must show that if she looked she would have seen the train approaching. It is our conclusion that the question of contributory negligence, under the circumstances shown in this case, was a matter for the jury to pass upon, and that plaintiff was not guilty of contributory negligence as a matter of law or manifest weight of evidence.

■ As to the contention that the negligence of the driver was the sole proximate cause of plaintiff's injuries, the jury may well have believed that he (Boren) was guilty of negligence. However, there was sufficient evidence for them to believe that the defendant was guilty of negligence, also, and the defendant does not dispute this. Therefore, it was clearly the province of the jury to determine whether or not negligence of Boren was the sole proximate cause of plaintiff's injuries.

■ ■ The remaining assignment of error is the refusal of the lower court to give three of defendant's tendered instructions. These instructions would have told the jury, in substance, that anyone approaching a railroad crossing must look in each direction and must listen for warnings of approaching trains and that failure to do either of these amounts to want of ordinary care. These instructions do not seem to be applicable to the facts in this case because there is no evidence that plaintiff did not listen for warnings and, as stated before, there is no evidence that if she had looked each way she must have seen the defendant's engine before she did see it. The instructions are also objectionable in singling out and drawing a conclusion from one particular alleged item or fact (*Westinghouse Electric Elevator Co. v. La Salle Monroe Bldg. Corp.*, 395 Ill. 429, 436, and, *Minnis v. Friend*, 360 Ill. 328, 337, 338), and in failing to take into account any

circumstances that might excuse a person from looking or listening (*Chicago & A. R. Co. v. Pearson,* 184 Ill. 386, and *Humbert v. Lowden,* 385 Ill. 437).

We find no reversible error, and the judgment is therefore affirmed.

*Judgment affirmed.*

CULBERTSON, P. J., and SCHEINEMAN, J., concur.