514

Ruth Wilson McMillian and Peter Ritchie, Appellants,
v. Edward McLane, Appellee.

Term No. 49M3.

Opinion filed September 27, 1949. Released for publication October 26, 1949.

JOHNSON & JOHNSON, of Belleville, for appellants.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NORMAN J. GUNDLACH, all of East St. Louis, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This is an action in which the plaintiffs allege that by the wanton and wilful negligence of the defendant they incurred certain injuries and damages while riding in the defendant's car as his guests. The jury returned verdicts in favor of the defendant and the plaintiffs appealed on the grounds (1) that the verdicts were against the manifest weight of the evidence, and (2) that the court erred in giving certain instructions.

The evidence is conflicting, the two plaintiffs and another passenger in the car testified that the defendant was driving at a speed of sixty miles per hour or more, and that they warned and cautioned him repeatedly that he was going too fast, ''to cut it out,'' ''to take it easy,'' ''that someone would get his neck broken,'' the defendant and another passenger in the car categorically denied that any such protests were made and the defendant stated further that he was driving no faster than 30 or 35 miles per hour. In addition the plaintiffs charged and endeavored to prove that the defendant struck the rear of another car going in the same direction, whereas the defendant stated that he struck a car which had been going in the opposite direction, but which had run off the road and spun over into his lane of traffic. In this latter contention the defendant was supported by the testimony of two witnesses who were walking along the road at the point of the accident and who stated that they had seen the other car (a Buick) going in the opposite direction, run off the pavement and then spin over into defendant's lane. The occupants of the Buick did not appear as witnesses for either side.

The plaintiffs also claimed that defendant several times took his eyes off the road to look at the woman beside him, and did so just before the collision that resulted in plaintiffs' injuries.

Assuming, but not deciding, that the testimony for plaintiffs showed conduct of the defendant which constituted more than ordinary negligence, it is apparent that this testimony is contradicted in essential particulars, and that defendant's version of the occurrence is corroborated by the testimony of wholly disinterested witnesses. It is also apparent that the jury may properly have found that the testimony of the two men on foot showed the collision was unavoidable so far as defendant was concerned, and was solely the fault of the driver of the Buick, who did not appear at the trial.

There being substantial evidence to support the verdict of the jury, this court cannot declare the verdict is against the manifest weight of the evidence, merely because there is also substantial evidence to the contrary. The latter must palpably outweigh the former, otherwise this court would be invading the constitutional prerogative of the jury. *Bliss v. Knapp,* 331 Ill. App. 45. This case falls into the ordinary category of a dispute over facts, and the proper inferences to be drawn therefrom, hence we are not justified in disregarding the jury's verdict. *Thirstrop v. Alton & S. R.,* 335 Ill. App. 1.

Objection is made to three instructions given for the defendant. One defined wilful and wanton misconduct as such as to show an utter disregard for the life and limb of other people. The only objection made is to the abstract form. It was pertinent and essential in this case to define wilful and wanton misconduct. While it might have been better to apply the definition to the facts, it is not reversible error to give a definition in abstract terms, when applicable to the case. *Menolascino v. Superior Felt & Bedding Co.,* 313 Ill. App. 557.

■ The next objection is that two of defendant's given instructions required the plaintiff to "show" certain things, by a preponderance of the evidence, instead of to so "prove" them. The case of *Hughes v. Medendorp*, 294 Ill. App. 424, is cited, wherein the court disapproved an instruction on other grounds, but also criticized the use of the word "show" as implying a greater burden than "prove," with a quotation from Black's Law Dictionary, which does not appear to support the court's statement.

In our opinion that court's criticism is not sustained in correct English usage. In the first place, small dictionaries of the type likely to be used by laymen, define "show" as to prove, and conversely, define "prove" as to show. Secondly, the more elaborate works, such as Webster's Unabridged, with their many definitions, indicate that the fundamental idea of the word "show" is to bring into view or to attention, to tell, to relate, etc. On the other hand the fundamental idea in the word "prove" is to demonstrate by test, to establish, to verify, etc. If there is any difference, the word "show" probably implies the lesser burden, but we regard the two words as interchangeable in common parlance.

In *Kavanaugh v. Washburn*, 320 Ill. App. 250, 254, the court declined to follow the *Hughes* case as to the word "show" saying: "In the ordinary use of language as understood by an average juror, the word merely advised the jury that the plaintiff must present evidence tending to prove such fact." We deem this the better view.

■ Finally, it is objected that the jury was required to find the defendant "guilty of such conduct as to show an utter disregard for the life and limb *of the plaintiffs*." It is contended the concluding words should be "of other persons." The latter is the correct form, but we find that the court gave for plaintiffs an instruction referring the gross want of care to "the rights of others," and also gave defendant's

definition first above mentioned, which applied to the "life and limbs of other people." None of the instructions was peremptory in form. Taking them as a series, as we must, it appears they inform the jury that defendant must be found guilty of utter disregard for the life and limb of other people, including the plaintiffs. While we do not approve the form of the instruction, in view of the facts established by the evidence, and the series of instructions, we do not see how the jury could have been misled by the terminology used. Under these conditions we cannot reverse a case by singling out one instruction and ascribing error to it when standing alone. *Jones v. Esenberg*, 299 Ill. App. 551; *Sprickerhoff v. Baltimore & Ohio Ry.*, 323 Ill. App. 340.

Finding no reversible error in the record as presented to us, the judgment is affirmed.

*Judgment affirmed.*

BARDENS, P. J., and CULBERTSON, J., concur.