Howard C. Bertrand, Plaintiff-Appellant, v. Charles F. Adams and George Bennett, Defendants-Appellees.

Term No. 51–M–3.

Opinion filed October 24, 1951.
Released for publication December 5, 1951.

MEYER & MEYER, of East St. Louis, for appellant; ROBERT W. HERR, of St. Louis, Missouri, and STANFORD S. MEYER, of East St. Louis, of counsel.

E. H. WEGNER, of Chester, for appellees.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, Howard C. Bertrand, brought this suit for personal injuries to himself and damages to his automobile, incurred in a collision with a truck owned

by defendant, George Bennett, and driven by the latter's agent, Charles F. Adams, the other defendant. Judgment was entered upon a verdict for defendants.

On this appeal error is assigned on the instructions and also on the claim the verdict is contrary to the manifest weight of the evidence, induced by passion and prejudice resulting from improper arguments of defense counsel.

Testimony by plaintiff and two companions in his car was that they were traveling between 55 and 60 miles per hour on a main concrete highway. As they came over a slight rise they perceived four vehicles ahead of them going in the same direction. In the lead were two trucks owned by defendant, Bennett, and driven by his agents. Plaintiff testified the four vehicles were pretty well scattered, not close together. One of his companions testified they were too close together to permit passing one at a time. The road ahead was straight and there was no traffic approaching. Plaintiff's car was driven past all four of the preceding vehicles at once, and collided with the one leading the procession as it started to make a left turn into an intersecting road. The three witnesses in plaintiff's car testify no left-turn signal was given, and they had no warning of the proposed turn.

Defendant, Adams, testified he was driving this truck, that he looked in his rear-view mirror and saw no vehicle starting to pass, that at least 100 feet before reaching the intersecting road he put out his left arm and signaled for a left turn, and continued to hold his arm out till he started to make the turn, when a car suddenly came from behind and collided with his truck. The driver of the second truck in the procession testified he was about 50 yards behind the front truck, saw the left-turn signal, and then gave a similar signal himself. Thereupon, plaintiff's car passed by and collided with the front truck. Defendant, Bennett,

561

was riding in the front truck and testified he saw his driver give the left-turn signal.

██ The principal issue as to defendant's negligence pertains to the question whether a left-turn signal had been given. The testimony was so conflicting on this subject we cannot say the verdict was contrary to the manifest weight of the evidence, and, on the undisputed facts, we cannot rule out contributory negligence as a factor in the verdict.

██ It is asserted that defendants' counsel repeatedly used epithets in argument derogatory of plaintiff. If so, and timely objection was made, the record before us does not so indicate. None of the argument is included in the report of proceedings so that this point is not preserved for review.

The court instructed the jury in the language of the statute as to the law prohibiting the overtaking and passing of any vehicle when approaching within 100 feet of, or traversing, any intersection. This instruction tendered by the defense is now assigned as error on the ground it was an abstract proposition of law, omitted the element of proximate cause, and would mislead the jury.

██ As a general rule, where an instruction is given in the language of the statute which is pertinent to the facts, it must be regarded as sufficient. *Deming v. City of Chicago,* 321 Ill. 341. This case revolves about the undisputed fact of defendant's turning left into an intersection while plaintiff was endeavoring to pass. When plaintiff and his driver perceived slowly moving traffic near the intersection they were confronted by the very danger at which the statute is aimed and a duty arose to act accordingly. Under these conditions the statute is clearly pertinent to the facts.

██ This was not a mandatory instruction and the requirement of proximate cause was fully covered in other instructions. The court specifically instructed

the jury that plaintiff's violation of a statutory duty, if any, does not bar his right to recover, unless the violation proximately contributed to cause plaintiff's injuries. In view of the foregoing, the jury could not have been misled under these instructions, which were applicable to the facts, and the giving of the statutory rule was not error.

The court also gave defendants' instruction which contained the phrase: "The plaintiff is required by law to establish his case by a preponderance of the evidence." Appellant contends the use of the word "establish," constitutes reversible error, citing *Hurzon v. Schmitz,* 262 Ill. App. 337, from this district; also, *Baker v. Thompson,* 337 Ill. App. 327; and *Hughes v. Mendendorp,* 294 Ill. App. 424. We have examined these cases and find the first one supports the contention, but the other two are not in point.

We observe that, in Hemphill, Ill. Jury Instructions, sec. 247, it is stated: since "prove" is generally given among the definitions of "establish," use of the latter word is not error, citing *Hogg v. Fannie May Candy Shops, Inc.,* 321 Ill. App. 640.

In *McMillian v. McLane,* 338 Ill. App. 514, it was noted that Webster's Unabridged Dictionary gives as a principal definition of the word "prove": "To demonstrate by test, to establish, to verify."

*Mayers v. Smith,* 121 Ill. 442; *Cutler v. Pardridge,* 182 Ill. App. 350; and *Barretta v. Chicago Rys. Co.,* 214 Ill. App. 455, are cases in which instructions containing the word "establish," were criticized on other grounds. It is apparent from reading these decisions that the courts read the word "establish," as a synonym of the word "prove."

■ From the foregoing, we conclude that in modern parlance there is no substantial distinction between the word "establish," and the word "prove." It may be that the word "establish," if it contained

no reference to the preponderance of the evidence, might sometimes be misleading, but we are of the opinion that "establish by a preponderance of the evidence" cannot be misleading as to the burden placed upon the plaintiff. Perhaps the word "prove" should be preferred, but in our opinion the use of the word "establish," in this way cannot be classed as reversible error, and to this extent the case of *Hurzon v. Schmitz,* 262 Ill. App. 337 is overruled.

██ The final objection is that the court committed reversible error in an instruction requiring plaintiff to prove by preponderance of evidence that defendants were guilty of negligence in the manner *charged in the complaint.* There are many precedents which refer to this form of an instruction with results that may appear to be hopelessly conflicting. See discussion in *Fraider v. Hannah,* 338 Ill. App. 440. Sometimes it is said to be reversible error upon the theory that the jury should not be referred to the complaint to ascertain what has been charged. Other cases find that the jury was not misled by the use of these words and conclude such an instruction is not reversible error. *Mowat v. Sandel,* 262 Ill. App. 395, 403; *Fisher v. Johnson,* 238 Ill. App. 25, 35; *Collins v. Missouri-Illinois R. Co.,* 233 Ill. App. 545, 552.

In our opinion the difficulty arises from a difference between theory and practical operation. For example, in the case before us, the evidence for the plaintiff, brought out by the questioning of a number of witnesses and their cross-examination, and controverted by a number of witnesses for the defense, pertained to the giving or failure to give a left-turn signal. At plaintiff's request, the jury were instructed on the law pertaining to this alleged negligent act. There was no request for instructions upon any other negligence. The jury must have known, therefore, that this was the principal issue in the case. If there were any other

charges of negligence in the complaint, with no evidence to support them, they could not be considered by the jury in any event. Hence, the failure to refer to any other charges could not be misleading.

The theory that the jury should not be referred to the complaint is based on the fact that the pleadings are not given to the jury. But it is a matter of common observation in trials that, in the ordinary simple case, the jury is aware of what is charged before the completion of examination of jurors on *voir dire*. They are further advised in opening statements as to testimony to be offered in support of the charges. After the testimony, closing arguments are devoted to the application of the evidence to such charges. In view of all this, even if the instructions do not define the issues, the assumption, that a jury always is totally uninformed as to the charges in the complaint, is preposterous.

Moreover, the instruction announced no false doctrine, so that we cannot perceive upon what basis it should be asserted that the use of these words is so confusing as to require a reversal. At the worst, the instruction tells the jury nothing if they do not already know what is charged.

We recognize the validity of the theoretical statement of law pertaining to this phrase, but as a practical matter we find that in this case, as in many cases, it could not have had any misleading or confusing effect, and, therefore, we hold that the use of the phrase does not require reversal.

We find no reversible error in the record before us, and accordingly the judgment is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.