George Rithmiller, Plaintiff-Appellant, v. John H. Keenan, Defendant-Appellee.

Gen. No. 10,756.

Opinion filed August 9, 1954. Released for publication August 26, 1954.

EDWARD F. RIELY, of Minonk, and BLACK, BLACK & BORDEN, of Peoria, for appellant.

WALTER D. BOYLE, of Hennepin, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

On August 14, 1950, George Rithmiller was engaged in farming and livestock raising. He employed John H. Keenan who was operating a trucking business in the neighborhood in which Rithmiller lived to haul some hogs to a Peoria market; Keenan came to the home of Rithmiller for the purpose of loading the hogs; Keenan before he arrived at the Rithmiller farm, had picked up some other livestock, including a cow and three calves he had in his trailer truck. Keenan opened the rear door to the trailer and Rithmiller got into the back of the truck to keep the cow and calves from going out of the back of the truck. As the truck was backing up to the hog chute preparatory to loading the hogs, the cow in the truck knocked Rithmiller out upon the ground and he was injured.

George Rithmiller started a suit in the circuit court of Marshall county for damages he sustained because of his injuries. The plaintiff alleged that he was in the exercise of due care and caution for his own safety at and before the time of the accident. The plaintiff's statement of the pleadings alleged the following negligent acts: "The negligence complained of was that the defendant negligently and carelessly drove and operated his truck while backing up to the chute so as to excite the livestock already loaded on the truck or that the defendant was negligent in asking the plaintiff to guard the open freight door of said truck while it was being backed, when he had had trouble with the said cow prior to coming to the plaintiff's farm or that the defendant applied his brakes too suddenly, after the said cow became excited, thereby throwing the cow into the plaintiff, or that the defendant, who had a safety gate to place before the open freight door of the truck while it was being backed up, negligently failed to use it, though he had had trouble previously with the cow;

that by one or more of the above acts of negligence or omissions of duty, the plaintiff was severely and permanently injured."

The case was submitted to a jury that found the issues in favor of the defendant. The plaintiff entered a motion for a new trial. This motion was denied and judgment entered on the verdict in favor of the defendant.

■ It is insisted by the appellant that the court erred in giving instructions on behalf of the defendant. It is seriously insisted that too many of the instructions for the defendant have the words either "guilty," "not guilty," or "that the plaintiff could not recover." The giving of too many of such instructions has frequently been criticized by this court and other appellate courts. There is no hard and fast rule by which the court can say just how many such instructions should have been given. We have examined the ones tendered by the defendant in this case, and we cannot say that the trial court erred in giving so many instructions.

■■ Defendant's given Instruction No. 3 is as follows: "You are instructed that before the plaintiff can recover in this case he must establish by the greater weight of the evidence the following material elements of this case: (1) That the defendant was guilty of the negligence charged by the plaintiff. (2) That such act of negligence, if any, was the direct and proximate cause of plaintiff's injury, if any. (3) That the plaintiff was not guilty of any negligence proximately contributing to such injury, if any be shown. And if you find from the evidence that the plaintiff has failed to establish by the greater weight of the evidence any one of these material elements, your verdict should be in favor of the defendant." This instruction is criticized for several reasons. The main one being that it states the plaintiff must prove the defendant was guilty

of the negligence charged by the plaintiff. This instruction has been criticized a great many times and sometimes the court, under the facts and circumstances appearing in the record, has held that it was not reversible error to give such an instruction. It is also criticized because twice it uses the word that the plaintiff must "establish" his case, instead of "prove" his case. This has also been criticized and also approved by certain other courts. Under the facts as developed in this case, we cannot say that it is reversible error to give this instruction. What we have said in regard to Instruction No. 3 applies to Instruction No. 9, since here the defendant has used the word "show" instead of "prove." The same applies to defendant's Instruction No. 10. Some courts have criticized the use of the word "show" instead of "prove," but others have approved it.

In the case of *Bertrand v. Adams*, 344 Ill. App. 559 the Appellate Court of the Fourth District has this to say in regard to such instructions. "The final objection is that the court committed reversible error in an instruction requiring plaintiff to prove by preponderance of evidence that defendants were guilty of negligence in the manner charged in the complaint. There are many precedents which refer to this form of an instruction with results that may appear to be hopelessly conflicting. See discussion in *Fraider v. Hannah*, 338 Ill. App. 440. Sometimes it is said to be reversible error upon the theory that the jury should not be referred to the complaint to ascertain what has been charged. Other cases find that the jury was not misled by the use of these words and conclude such an instruction is not reversible error. *Mowat v. Sandel*, 262 Ill. App. 395, 403; *Fisher v. Johnson*, 238 Ill. App. 25, 35; *Collins v. Missouri-Illinois R. Co.*, 233 Ill. App. 545, 552.

"In our opinion the difficulty arises from a difference between theory and practical operation. For example, in the case before us, the evidence for the plaintiff, brought out by the questioning of a number of witnesses and their cross-examination, and controverted by a number of witnesses for the defense, pertained to the giving or failure to give a left-turn signal. At plaintiff's request, the jury were instructed on the law pertaining to this alleged negligent act."

 In the case of *Kavanaugh v. Washburn*, 320 Ill. App. 250, page 255, this Court had this to say: "It is inevitable that a trial judge in the midst of a hotly contested case will sometimes fail to detect all of the language of the various instructions that may be inadvertently used. However, modern tendency favors a liberal application of the harmless error doctrine to instructions when it appears the rights of the complaining party have in no way been prejudiced. This situation is well expressed by the Supreme Court of this State in the following language: •

 " 'The office of instructions is to give information to the jury concerning the law of the case for immediate application to the subject matter before them. The test, then, is not what meaning the ingenuity of counsel can at leisure attribute to the instructions, but how and in what sense, under the evidence before them and the circumstances of the trial, ordinary men acting as jurors will understand the instructions.' "

At the request of the defendant two special interrogatories were submitted to the jury for their consideration and answer. "The jury will answer the following special interrogatory by writing in the blank space the word 'yes' or 'no' as the jury may find from a preponderance of the evidence in this case, and then each juror will sign the same. Was the plaintiff, George Rithmiller, in the exercise of due care and cau-

tion for his own safety at and just prior to the time of his injury?" The jury answered this question "no." The second interrogatory that the jury were to answer was, "Was the plaintiff, George Rithmiller, guilty of negligence which proximately contributed to cause his injury?" The jury answered this interrogatory "yes."

The appellant insists that it was error to submit these special interrogatories to the jury for their consideration. It is insisted by the appellant that by submitting the interrogatories, the jury was asked twice to consider one and the same issue and that they were specially worded so as to confuse the jury, since if one was answered "no" the other must be answered "yes." We cannot agree with this argument and the jurors certainly were not confused, because they answered both questions in conformity with their general verdict and by such specific finding they found that George Rithmiller was not in the exercise of due care and caution for his own safety at the time of the accident, and was guilty of negligence, which proximately contributed to cause his injury.

It will be observed that the acts of negligence complained of by the defendant are, first, that the defendant negligently drove and operated his truck so as to excite the livestock in the truck. An examination of the testimony of the plaintiff shows, that he stated that after he got into the truck, he hit the cow on the nose three or four times with a stick and the truck was backing slowly at that time. From a review of the evidence in this case we find none that sustained the first charge that the defendant excited the cow, but rather the hitting of the cow on the nose three times by the plaintiff was probably the cause of exciting the cow. We find no evidence to support the contention that the defendant had trouble before with this particular cow, nor is there any evidence to sustain the contention that the defendant applied his brakes too suddenly after the

cow became excited, as the defendant testified that the truck was still moving at the time he was thrown out. There is no question but that there was a safety gate in the truck, but it was not used. All of these facts were presented to the jury and after considering all of them, they decided that the plaintiff at the time of the accident, was not in the exercise of due care and caution for his own safety.

Under the facts as developed in this case, the giving of the instructions complained of was not reversible error. We do not approve of the form, especially of Instruction No. 3, but on the whole we feel that the plaintiff has had a fair and impartial trial, and the judgment should be affirmed.

*Judgment affirmed.*

Dove, J., concurs.

Anderson, J., took no part in the consideration of this case.